THE PEOPLE *ex rel.* Louis C. Huck, Collector,

*v.*

J. IRVING PIERCE *et al.*

1. SPECIAL ASSESSMENTS—*limitation*—*statute construed.* The provision of sec. 279 of the Revenue act of 1872, that any special assessment not returned to the county collector before the first day of March succeeding the first day of March next after it is due, shall be considered barred, is not applicable to cities which have become incorporated under the act of April 10, 1872, entitled "An act to provide for the incorporation of cities and villages," or to cities which have adopted art. 9 of that statute, but applies only to cities and villages making special assessments pursuant to their charters.

2. The subsequent act of May 3, 1873, of the general Revenue law, substituting the tenth day of March instead of the tenth of February, as provided in sec. 178 of the Revenue act of 1872, for the return of special assessments to the county collector, was not intended to render the act applicable to cities acting under art. 9 of the act relating to cities and villages.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. FRANCIS ADAMS, for the appellant.

Mr. JOHN P. WILSON, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an application, made to the county court by the county collector, for judgment against certain lands belonging to appellees, respectively, for certain special assessments levied by the city of Chicago for the construction of certain improvements, by which the property in question was supposed to be benefited. The application was made at the June term of the court, 1877. The return of these assessments, made by the city collector to the county collector next preceding this application, was made March 15, 1877. The assessments in question were, by their terms, due and payable more than two years prior to the first day of March, 1877.

The only objection made against the rendering of judgment in the county court was, that the assessments were barred because they were not returned to the county collector within the time required by law. In support of this position we are referred to section 279 of the Revenue act of 1872, which provides, in substance, that any special assessment not returned to the county collector before the first day of March in the year next succeeding the first day of March next after it is due, shall be considered barred, etc.

It is provided by the constitution of 1870, art. 9, sec. 4 : "The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes; and there shall be no sale of said property for any of said taxes or assessments but by said officer, upon the order or judgment of some court of record."

The Revenue act in the section relied upon by appellee, is found to have passed and been approved March 30, 1872, and went into force July 1, 1872. In relation to special assessments that act contains the following sections :

"§ 178. When any special assessments, made by any city, town or village pursuant to its charter, or by any corporate authorities, commissioners or persons pursuant to law, remain unpaid, in whole or in part, return thereof shall be made to the county collector on or before the first day of February next after the same shall have become payable, in like forms as returns are made for delinquent land taxes. County collectors shall collect, account for and pay over the same to the authorities or persons having authority to receive the same, in like manner as he is required to collect, account for and pay over taxes. The county collector may, upon return of delinquent special assessments to him, transfer the amount thereof from such returns to the tax-books in his hands, set-

ting down therein, opposite the respective tracts or lots, in proper columns, to be prepared for that purpose, the amounts assessed against such tract or lot."

" § 279.   When any special assessment is not returned to the county collector on or before the first day of March next after it is due, the same may be returned on or before the first day of March in the succeeding year, and if not then returned it shall be considered barred, unless return is prevented by an injunction or order of court, and the time such return is thus prevented shall be excluded from the computation of such time."

The provision was made in this statute for the collection of such special assessments by the county collector, in such manner as he was authorized to collect State and county taxes.

Twelve days after the approval of this statute, an act " to provide for the incorporation of cities and villages " was approved, and this act went into force July 1, 1872.   That act contains an article relating to special assessments for local improvements, entitled article 9.   By section 54 of that act it was provided, that any city might, by ordinance, adopt the provisions of that article 9 without adopting the whole act; and in such case such city should " have the right to take all proceedings in this article provided for, and have the benefit of all the provisions hereof."   The city of Chicago, by ordinance approved September 4, 1872, adopted the provisions of this article 9 in accordance with the provisions of section 54 of that article.   Section 178 of the general Revenue law of March 30, 1872, was so amended May 3, 1873, as to make it applicable to special assessments; the return of which should be made on or before the 10th day of March (instead of the 10th day of February) next after the same should become payable.

By article 9 of the act for the incorporation of cities and villages, approved April 10, 1872, it was provided, among other things:

" § 39.   It shall be the duty of the collector of special

assessments, within such time as the city council or board of
trustees may, by ordinance, provide, to make a report, in
writing, to the general officer of the county authorized or to
be designated by the general Revenue law of this State to
apply for judgment and sell land for taxes due the county and
State, of all the lands, town lots and real property on which
he shall have been unable to collect special assessments, with
the amount of special assessments due and unpaid thereon,"
etc.

" § 48.   If, from any cause, any city or village shall fail to
collect the whole or any portion of any special assessment
which may be levied, which shall not be canceled or set aside
by the order of any court, for any public improvement author-
ized to be made and paid for by special assessment, the city
council or board of trustees may, at any time within five years
after the confirmation of the original assessment, direct a new
assessment to be made upon the delinquent property for the
amount of such deficiency, and interest thereon from the date
of such original assessment, which assessment shall be made,
as near as may be, in the same manner as is herein prescribed
for the first assessment.   In all cases where partial payments
shall have been made on such former assessment, they shall
be credited or allowed on the new assessment to the property
for which they were made, so that the assessment shall be
equal and impartial in its results.   If such new assessment
prove ineffectual, either in whole or in part, the city council
or board of trustees may, at any time within said five years,
order a third, and so on, to be levied in the same manner and
for the same purpose; and it shall constitute no legal objection
to such assessment that the property may have changed hands
or been encumbered subsequent to the date of the original
assessment, it being the true intent and meaning of this sec-
tion to make the cost and expense of all public improvements,
to be paid for by special assessments, a charge upon the prop-
erty assessed therefor, for the full period of five years from
the confirmation of the original assessment, and for such longer

period as may be required to collect, in due course of law, any new assessment ordered within that period."

"§ 51.   All special assessments levied by any city or village under this act shall, from the date of assessment, be a lien upon the real estate upon which the same may be imposed, and such lien shall continue until such special assessments are paid."

The majority of the court, after full consideration of the elaborate discussion of the question found in the printed arguments on file, are inclined to hold that section 279 of the Revenue law is not applicable to cities which have become incorporated under the act of April 10, 1872, entitled "An act to provide for the incorporation of cities and villages," or to cities which have adopted article 9 of that statute.

Section 279, providing that special assessments not returned to the county collector before the first day of March next after due may be returned on or before the first day of March in the succeeding year, and if not then returned shall be considered barred, was evidently enacted in connection with, and was intended as a limitation to, section 178 of the Revenue act, which provided that county collectors should collect and account for special assessments in like manner as taxes, in cases where such assessments were made by any city pursuant to its charter, and returned to the county collector on or before the 10th day of February next after the same should become due.

This act was passed March 30, 1872.   At that time there was no general law, applicable to all cities, providing a mode of levying and collecting special assessments, but each city had a mode provided in its own charter.   "An act to provide for the incorporation of cities and villages," was passed and approved April 10, 1872.   Article 9 of that act provides a general mode of assessing and collecting special assessments, and it is provided by that act that any city may adopt the provisions of article 9 without adopting the entire act as its charter. The city of Chicago adopted this article 9 on the 4th of Sep-

tember, 1872.   By section 153 of this latter act, the city collector of special assessments is required to make a return of such special assessments to the county collector "*within such time as the city council may, by ordinance, provide.*"   The giving to the city council the unlimited discretion to fix, by ordinance, the time when the return of a special assessment shall be made to the county collector, is evidently incompatible with the provision of section 178, which required it to be made on or before the 10th day of February next after due. Hence, by the provisions of section 6 of the general City Charter act, section 178 of the Revenue law, in so far as it fixed the time of making the return to the county collector, became inapplicable to the city of Chicago.   The subsequent change, by the act of May 3, 1873, of the general Revenue law, substituting the 10th of March instead of the 10th of February as the time when such assessment should be made returnable, was not intended to render the act applicable to cities acting under article 9 of the City Charter act, and section 279, providing that such assessments should be considered barred unless returned before the first day of the second month of March occurring next after the assessment became due, being originally a limitation of the provisions of the act of March 30, 1872, fixing a specific time for their return, can have no application to cities acting under article 9 of said City Charter act.

Entertaining these views, we think the objection made to the judgment upon the assessment in this case in the county court was untenable, and ought to have been overruled.

For the error in sustaining that objection, the judgment of the county court must be reversed and the cause remanded.

*Judgment reversed.*

SCOTT and SCHOLFIELD, JJ.: We do not concur in this opinion.