HENRY POTWIN

*v.*

WILLIAM T. JOHNSON, Collector.

*Filed at Ottawa November 20, 1883.*

1. JUDICIAL NOTICE—*of incorporation of city under general law.* Where a city in this State is incorporated under the act in relation to cities, villages and towns, (chap. 24, sec. 3,) this court will take judicial notice of that fact.

2. SPECIAL ASSESSMENTS—*in cities, etc., under the general Incorporation act, governed by that act.* Special assessments in cities, towns and villages organized under the general Incorporation act, in respect to the mode of giving notice, or making demand of payment thereof, and the time at which judgment must be applied for, are governed by the provisions in such Incorporation act relating thereto; and the provisions in the Revenue act, in so far as they differ from the same, have no relation to such cases. The provisions in the two statutes being inconsistent with each other, can not be construed *in pari materia*, but each applies to the class of special assessments to which it relates.

3. Either two distinct classes of municipalities are provided for, and the provisions of the general Incorporation law are applicable to the one class, and those in the Revenue act relating to special assessments to the other class, or the provisions in the general Incorporation act, being the last expression of the legislative will, must be held a repeal of those in the other act to the extent of their repugnance.

4. SAME—*city council may fix term of court to apply for judgment.* The city council of a city organized under the general Incorporation law has the power to appoint the term of the court at which application for judgment shall be made against property for delinquent special assessments, which term may be a different one from that at which application is required to be made for judgment for State and county taxes.

5. CONSTITUTIONAL LAW—*whether statute embraces more than one subject expressed in title.* The general act in relation to cities and villages is not repugnant to the constitutional objection as embracing more than one subject as expressed in the title. The power of opening, improving and repairing streets is strictly germane and incidental to the general object of municipal incorporation.

6. SAME—*what fills the purpose of prohibition as to bill having more than one subject.* The general purpose of section 13, article 4, of the constitution, that no act "shall embrace more than one subject," to "be expressed in the title," is accomplished when the title is comprehensive enough to rea-

sonably include as falling within that general subject, and as subordinate branches thereof, the several objects which the statute assumes to effect.

7. SAME—*whether act is a local or special one.* The act in relation to cities and villages is a general law, and not local or special, although there may be municipal corporations to which it is not applicable, namely, those in existence under special charters at the time of the adoption of the constitution, which have not since sought to have their charters changed or amended.

WRIT OF ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiff in error:

Suit can not be maintained for a tax or assessment until it has been demanded. Blackwell on Tax Titles, 171; *Thompson v. Gardner*, 10 Johns. 404; *St. Anthony v. Greely*, 11 Minn. 321.

Statutory provisions for demand and collection by sale of land, in the Revised Statutes, are, chap. 24, secs. 149–154, 158, and chap. 120, secs. 177–180, 182, 185, 188, 190, 191. Chapter 24 and chapter 120 having been passed at the same session, and taken effect together on July 1, 1872, as to the subject of levy and collection of taxes and special assessments, are *in pari materia*, forming a system.

No time is fixed which must elapse after giving notice to pay the assessment before taking subsequent proceedings. A man must have some time in which to pay after such notice, without cost or penalty. He is entitled to the whole of the next day after service. *Ireland v. Kipp*, 11 Johns. 231; *Smedes v. Utica Bank*, 20 id. 372; *Eddy v. Jump*, 6 Duer, 492; *West River Bank v. Taylor*, 34 N. Y. 128; *Bowling v. Harrison*, 6 How. 257.

The collector had no power to apply for judgment for said assessments, or either of them, prior to the May term, 1883. Section 182 of the Revenue law provides that any time after the first day of April next after such delinquent taxes and

special assessments shall become due, the collector shall publish a notice of application for judgment, etc. This notice must be published at least three weeks before the term of the county court. Sec. 185, chap. 120.

The clauses of the City Incorporation act, (chap. 24, Rev. Stat.) which purport to make a special law for the cases of particular cities, excepting them out of the general law regulating the practice and jurisdiction of courts of record, are void, as being special legislation.

The general law contained in section 185, chap. 120, Rev. Stat., is applicable to all cases, from which it appears that the passage of the subsequent act is in violation of article 4, section 22, of the constitution. It also is in contravention to section 13 of the same article of the constitution, "that no act shall embrace more than one subject, and that shall be expressed in its title."

Mr. FRANCIS ADAMS, for the defendant in error:

On July 26, 1882, plaintiff in error moved the court to set aside the judgment in each of the four cases, which motion the court overruled. A motion to set aside a judgment by default is addressed to the discretion of the court, and its denial can not be assigned for error. *Thielman* v. *Berg*, 73 Ill. 293; *Union Hide and Leather Co.* v. *Woodley*, 75 id. 435.

The sections of the Revenue law relied on by plaintiff in error in support of his motion, have no application to cities incorporated under the general municipal Incorporation law. *People ex rel.* v. *Pierce et. al.* 90 Ill. 85; *Leindecker* v. *People,* 98 id. 21.

The objection to the notices sent by the county collector is not well taken. Section 179 of the Revenue law has no application to assessments in cities incorporated under the general law. The latter law provides both for notice by publication and a personal demand. Rev. Stat. chap. 24, secs. 151, 152.

The application at the July term was legal, and the warrants were issued in time for that term. *Beers* v. *People*, 83 Ill. 488.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ of error brings before us for review the record of a judgment of the county court of Cook county for the sale of real estate to pay certain delinquent special assessments. Notice was published that application for the judgment would be made at the July term, 1882, of that court, and the court at that term, by an order then entered of record, gave property owners interested until the 12th day of the month to file objections, and on the 19th day of the month, no objections having been filed, judgment was rendered against the real estate, as sought by the collector. On the 26th day of the month plaintiff in error moved the court to set aside the judgment, but this motion was overruled.

Numerous objections are urged by the attorney for plaintiff in error, in the printed argument before us, against the jurisdiction of the court to render this judgment. We have endeavored to give them such consideration as their importance deserves, and having done so we are of opinion they are all untenable.

It is contended, first, that the only demand made for the payment of the special assessments, or notice thereof sent to the land owners, was by a postal card sent through the mail, and "the advertisement, the process by which suit was begun, was published twenty-two days before the assessments were demanded, and was, therefore, void;" and second, that "the postal card, demand and notices were void, because costs were improperly included in the demand." It is also further contended, that "the collector had no power to apply for judgment for said assessments, or either of them, prior to the May term, 1883, of the court." These contentions, as we understand counsel, are based upon the hypothesis that the

general Revenue act, (chap. 120, Rev. Stat. 1874,) controls in such cases as to the notice and demand to be given or made, and also as to the term at which judgment must be applied for. We must take judicial notice of the fact that the city of Chicago is incorporated under the act in relation to "cities, villages and towns." (Chap. 24, Rev. Stat. 1874.) If, therefore, the general Revenue act provides, in such cases, a different mode for giving notice or making demand, and a different time at which judgment must be applied for, than is provided in the act in relation to cities, villages and towns, it can have no application to the case, and the case will have to be determined solely with reference to the requirements of the latter act. Counsel do not question this, but insist both acts relate to the same subject, took effect at the same time, and should therefore be construed as *in pari materia.*

In our opinion section 179 of the general Revenue act, and sections 151 and 152 of the act in relation to cities, villages and towns,—which relate to the same general subject, namely, the giving of notice to the property owner of the amount of the judgment of confirmation of special assessment against his property, and the demand for the payment thereof,—can not be construed so as to give practical effect to the language of both, as applicable at the *same time to the same subject matter.* Section 179 of the general Revenue act makes it the duty of the county collector "to cause demand to be made for the payment of such special assessment, or a *notice thereof to be sent by mail, or otherwise, to the owner,* if his place of residence is known." Section 151 of the act in relation to cities and villages makes it the duty of the *city collector* to give notice thereof "*by publishing such notice* in one or more newspapers in such city," etc. And section 152 of the same act makes it the duty of the city collector, "as far as practicable, to call upon all persons resident within the corporation whose names appear upon the assessment roll, or the occupants of the property assessed, and personally, or

by written or printed notice left at his or her usual place of abode, inform them of such assessment, and request payment of the same.   And such collector omitting so to do shall be liable to a penalty of $10 for every such omission; but the validity of the special assessment, or the right to apply for and obtain judgment for any such special assessment, shall not be affected by such omission." It is thus seen the officers are different, the notices to be given are different, and, in the one case, the consequence of a failure to give notice is different from what it is in the other.

The difference is further apparent in this, if the county collector does not collect within the proper time, he simply proceeds, under section 182 of the Revenue act, to advertise and obtain judgment, and his certificate that the required demand was made, or notice given, is made sufficient evidence thereof.   (See last sentence of section 179.)   But section 153 of the act in relation to cities, villages and towns is as follows: "It shall be the duty of the collector of special assessments, within such time as the city council or board of trustees may by ordinance provide, to make a report, in writing, to the general officer of the county authorized or to be designated by the general Revenue law of this State to apply for judgment and sell lands for taxes due the county and State, of all the lands, town lots and real property on which he shall have been unable to collect special assessments, with the amount of special assessments due and unpaid thereon, together with his warrant, or with a brief description of the nature of the warrant or warrants received by him, authorizing the collection thereof, which report shall be accompanied with the oath of the collector that the list is a correct return and report of the lands, town lots and real property on which the special assessment levied by authority of the city of . . . . . . . . . ., (or village of . . . . . . . . . . . ., as the case may be,) remain due and unpaid; that he is unable to collect the same, or any part thereof, and that he has given

the notice required by law that said warrants had been received by him for collection. Said report, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid." It is, in our opinion, utterly impossible that these thus widely different provisions can be the law operative in the same municipality at the same time.

We must then hold, as was held in *The People* v. *Pierce*, 90 Ill. 85, with regard to other provisions of these statutes,— and with which the writer of this opinion and Mr. Justice SCOTT did not concur,—that two distinct classes of municipalities are provided for, and the provisions of the one act applicable to the one class, and those of the other act to the other class; or that, the provisions being repugnant, those of the last act, which is the act in relation to cities, villages and towns, being the last expression of the will of the legislature, must be. held a repeal of those of the former to the extent of the repugnance; but in either view the proceeding under the act in relation to cities, villages and towns is sustained. The fact that section 154 of the act in relation to cities, villages and towns requires the general officer, when he shall receive the report of the city collector, to proceed to obtain judgment and make sale as provided by the provisions of the general Revenue law, does not militate against this position, because that section expressly contains the exception that the provisions of the general Revenue act shall not apply "when otherwise provided herein." As to the anterior steps of giving notice, making demand, selecting the term of court, etc., it is "otherwise provided therein."

In *Leindecker* v. *The People*, 98 Ill. 21, we held that in respect to special assessments levied by a city or town organized under the general Incorporation law, that law confers upon the city council the power to appoint the term of the

court at which application for judgment shall be made, which may be a term other than that at which application is required to be made for judgment for State and county taxes. Counsel entirely misapprehends the ground of our decision in *Potwin* v. *Johnson,* 106 Ill. 532, in supposing, as he contends in his argument, that we there decided that this case comes under the general Revenue act. We there decided, only, that under the amended Practice act the appeal should have been to this court instead of to the Appellate Court, because the case "related to the revenue." But the case "relates to the revenue" without reference to the title of the statute under which it is proper to proceed.

It is, however, argued by counsel, that if the construction we have given be correct, then the act in relation to cities, villages and towns "offends against the constitution in seven particulars," etc. The seven particulars are included within two general objections: First, that the act embraces more than one subject, and the title of the act makes no mention of the power conferred upon county courts to entertain proceedings and render judgments in cases of special assessments; second, that it is a local or special act. In neither respect, in our opinion, can the objections be maintained.

*First*—The opening, improving and repairing of streets constitute one of the most usual powers of municipal corporations. We doubt whether an important city, village or town ever was incorporated in this country to which this power was not granted. In the very nature of things it is incidental to the successful exercise of general police powers, and, we think, we are abundantly sustained by authority in asserting that such power is as germane and incidental to the general object of municipal incorporation as any other power exercised by municipalities. *Vide* Dillon on Mun. Corp. sec. 516.

Precisely this same objection was urged in *Prescott* v. *Chicago,* 60 Ill. 121. The proceeding there, as here, was for a

judgment against delinquent lands upon a special assessment. The statute containing the power was entitled "An act to amend the charter of the city of Chicago, to create a board of park commissioners, and to authorize the levy of a tax in West Chicago, and for other purposes." Nothing was said about special assessments. It was said in the opinion then filed: "The principal object of the act is to amend the charter of the city of Chicago, and in so doing to extend the city limits, to establish and provide for the improvement and regulation of public parks in the west division of Chicago. All of these purposes are well expressed by the title in these words: 'An act to amend the charter of the city of Chicago.'"

In *O'Leary* v. *County of Cook,* 28 Ill. 534, the title of the act was "An act to amend an act entitled 'an act to incorporate the Northwestern University.'" And it was held that a section prohibiting the sale of ardent spirits within four miles of the university was sufficiently germane to the object and purpose expressed in the title, to be free of constitutional objection.

In *Neifing et al.* v. *Town of Pontiac,* 56 Ill. 172, under an "Act to extend the corporate powers of the town of Pontiac," it was held a provision forbidding beer to be brought within three miles of the town, "for the purpose of trafficking therein in any way whatever," was sufficiently germane to the subject expressed in the title of the act, and therefore free of constitutional objection. Other illustrations will be found in *Guild, Jr.* v. *City of Chicago,* 82 Ill. 473; *The People ex rel.* v. *Wright,* 70 id. 388; *Belleville R. R. Co.* v. *Gregory,* 15 id. 20; *Binz* v. *Weber,* 81 id. 288; *Johnson* v. *The People,* 83 id. 431.

The general purpose of this provision is accomplished when the title is comprehensive enough to reasonably include as falling within that general subject, and as subordinate branches thereof, the several objects which the statute assumes to effect.

*Second*—In *The People ex rel.* v. *Wright, supra,* we said, quoting from *McAunich* v. *Mound R. R. Co.* 20 Iowa, 338: "Laws are general and uniform,—not because they operate upon every person in the State, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the laws. They are general and uniform in their operation upon all persons in the like situation, and the fact of their being general and uniform is not affected by the number of those within the scope of their operation."

In *The People* v. *Cooper et al.* 83 Ill. 585, after referring to this doctrine, as announced *supra,* in *The People ex rel.* v. *Wright,* and in speaking of the clause of the constitution prohibiting the enactment of local or special laws for the incorporation of cities, villages, etc., we said: "The evil supposed to exist which led to the adoption of the clause of the constitution under consideration, was dissimilarity in the provisions of charters of different cities, towns and villages, and while it was not designed, by the mere act of adopting the constitution, to repeal the provisions of existing charters any further than they were in conflict with other provisions of the constitution which became operative without the aid of legislation, it was designed that no city, town or village should thereafter become incorporated, or have its charter changed or amended, except by virtue of a general law." And again we said: "The General Assembly passed an act, in force July 1, 1872, providing for the incorporation of cities, and that those incorporated before the adoption of the constitution, under special charters, might change their charters and adopt its provisions. It is unlimited in its application, and, so far as we have discovered, fully meets the requirements of the constitution. It contains all the provisions essential to a complete municipal code, including those providing for the levying and collecting taxes." And again we said: "As before observed, there is no constitutional objec-

tion to the general Incorporation law, or the general Revenue law, so far as we are aware. The general Incorporation law was an indispensable enactment, to enable cities to become incorporated, and change or amend their charters in conformity with the constitution." Afterwards, in *Guild* v. *The People, supra,* which was decided after the decision in the above case, although it is reported in an earlier volume than the one in which that case was reported, after referring to the ruling above quoted, we said: "All that is practicable, or could have been intended, was that the legislature should, by a general law, provide for the incorporation of cities, towns and villages, or the change or amendment of their charters, leaving it to those interested to bring them within its operation." And further along in the opinion we also said: "This section of the constitution relates to two classes of cases: First, to cities, towns and villages thereafter to be incorporated; second, to those thereafter to have their charters changed or amended,—and thus contemplates the probable continuance for some time of the existing want of uniformity in such charters, but intending that all future legislation in respect to such charters should be with a view of producing ultimate uniformity, as far as that would result from the law being general."

Thus, after full consideration and reconsideration, we are as firmly committed to the doctrine as we can be to any doctrine, that the act in relation to cities and villages is a general law, and not local or special, although there may be municipal corporations to which it is not applicable, namely, municipal corporations in existence under special charters at the time of the adoption of the constitution, which have not since sought to have their charters changed or amended. It is general and of uniform application to all cities, towns and villages thereafter becoming incorporated, or thereafter having their charters changed or amended, to the extent of such change or amendment, and thus fully conforms to the defini-

tion of a general law.   The fact that county officers, judicial officers and courts of justice may thus be incidentally affected, is unimportant.   All of the same class or grade are affected alike, and what may result in legally enforcing special assessments is precisely what happens, or may happen, with reference to the enforcement of every ordinance which a city council or board of village trustees may be empowered to ordain.   New duties may thereby incidentally devolve upon officers, and new powers and jurisdictions result to judicial tribunals; but so long as the sections under which they arise are germane and subordinate to the general purpose of the municipal incorporation as expressed in the title to the act, and affect all within the relations and circumstances provided for alike, so far as we are advised no constitutional objection can be successfully interposed.

No ground for setting. aside the judgment upon motion was shown, other than the defects of jurisdiction claimed to exist, and upon which we have herein expressed our views. The defence was strictly technical, and in our opinion, as has been seen, it is not sustained by the record.

The judgment is affirmed.

*Judgment affirmed.*