E. A. CUMMINGS & Co. *et al.*

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*park board may avail itself of provisions of the Local Improvement act of 1897.* A board of park commissioners is a corporate authority having power to levy special assessments in certain cases, and in so doing may avail itself of the provisions of the Local Improvement act of 1897 by virtue of the express authority conferred by sections 1 and 98 of the act itself.

2. SAME—*paragraph 5 of section 99 of Local Improvement act construed.* Paragraph 5 of section 99 of the Local Improvement act, (Laws of 1901, p. 118,) providing that when any *"installment"* of an assessment confirmed under prior acts shall mature, proceedings to return the same delinquent and to collect the same shall conform to the provisions of this act," is a limitation upon paragraph 4, and applies to assessments confirmed under prior acts even though not payable in installments.

3. SAME—*when provisions of Revenue act do not apply.* The provisions of section 178 of the Revenue act, prescribing a method of return for a delinquent special assessment, and section 279, barring collection of a special assessment not returned delinquent by a

certain time, do not apply to a special assessment made by park commissioners under the Local Improvement act of 1897, where they have followed sections 61 to 67, inclusive, of that act.

4. JUDGMENTS AND DECREES—*what does not invalidate judgment of sale.* A judgment of sale signed by the judge and correctly giving the number of the warrant and the assessment is not invalid because it describes the corporate authority levying the assessment as "The Board of West Park Commissioners" instead of "The Board of West Chicago Park Commissioners," nor by the fact that there is an unsigned order in the record purporting to be another judgment of sale for the same assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, and F. W. BECKER, for appellants.

DELAVAN B. COLE, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of sale for a special assessment made by the West Chicago Park Commissioners, who are by statute invested with the power to make local improvements by special assessment.

The original proceedings out of which this controversy arises were begun in 1893. The Park act of 1873 (Starr & Cur. Stat. 1896, p. 2862-2870,) at that time provided that the proceedings for the levy and collection of special assessments for park purposes should in all things, as near as may be, conform to the provisions of article 9 of the City and Village act. At the time the levy of the original assessment was made, the City and Village act authorized special assessments to be collected in installments, the right so conferred being by an amendment of article 9 of the City and Village act, approved April 20, 1887. When the first installment became due, judgment and order of sale were entered against certain property, and on appeal to this court the judgment was reversed on the ground that the provision of the Park

act authorizing the commissioners to pursue the provisions of article 9 of the City and Village act was not broad enough to include the amendments that might be adopted to the latter act. (*Culver* v. *People,* 161 Ill. 89.) Following this decision several writs of error were prosecuted by other property owners and in each case the judgment of the county court was reversed. Pending these appeals and writs of error, the legislature, in 1895, passed a new act concerning park improvements, under the title of "An act to enable park commissioners or park authorities to make local improvements and provide for the payment therefor." (Hurd's Stat. 1899, chap. 105, p. 1242.) This act conferred upon park commissioners authority to levy and collect special assessments to pay for an improvement that had been authorized and partly or wholly completed and the assessment therefor had been set aside by the courts. Pending the various writs of error relative to the original assessment, the improvement of Douglas boulevard, for which the present assessment is levied, was completed, and in 1896 an ordinance was passed for the special assessment now in controversy to pay for that improvement. Upon the return of the assessment roll to the county court in April, 1897, the court refused confirmation of the assessment and dismissed the petition. From that decision an appeal was prosecuted to this court and the judgment of the county court was reversed. (*West Chicago Park Comrs.* v. *Farber,* 171 Ill. 146.) When the cause was remanded and re-docketed the assessment roll was confirmed, and from that judgment of confirmation these appellants prosecuted an appeal to this court and the judgment of confirmation was affirmed. (*Cummings* v. *West Chicago Park Comrs.* 181 Ill. 136.) Writs of error were then sued out to the Supreme Court of the United States to review the judgment of this court and those writs were dismissed. The judgment of confirmation of this assessment was made in 1898, under proceedings begun prior to the passage of the Local Improvement act of 1897. In

April, 1902, the mandate of this court finally establishing the confirmation was filed in the county court. The warrant for the assessment was returned to the county collector on the 30th day of January, 1903, but for some irregularity in that proceeding judgment was refused, and on the 14th day of March, 1904, the special collector of the West Chicago Park Commissioners again returned the property delinquent for special assessment to the county collector and judgment of sale was entered at the July term, 1904, from which this appeal is prosecuted.

The objection filed below by appellants that is relied upon in this court is, that the assessment was barred by the limitation as found in section 279 of chapter 120, entitled "Revenue," which reads: "When any special assessment is not returned to the county collector on or before the first day of March next after it is due, the same may be returned on or before the first day of March in the succeeding year; and, if not then returned, it shall be considered barred, unless return is prevented by an injunction or order of court; and the time such return is thus prevented shall be excluded from the computation of such time." (Hurd's Stat. 1899, p. 1441.) And it is also contended by appellants that the return in this case is controlled and must be made according to sections 178 and 179 of the Revenue act. To this contention it is replied by appellee that the Revenue act and these provisions have no application, and that the lien of the assessment, and the method of procedure for its collection, are governed by the provisions of article 9 of the City and Village act of May 10, 1872, and thus is presented the main question for our consideration.

By sections 11, 12, 13, 14 and 15 of chapter 105 of the Park act, which relate to the proceedings after the filing of the assessment roll, it is provided that the proceedings shall be according to article 9 of the City and Village act and all acts amendatory thereof. It is contended by appellants that the Local Improvement act of 1897 is not an amendment of

article 9 of the City and Village act, but is an independent act, and that the provisions of the Park act that the proceedings may be had under said article 9, and the acts amendatory thereof, do not bring the case within the provisions of the Local Improvement act. In *Gorton* v. *City of Chicago,* 201 Ill. 534, where a somewhat similar question arose, we said (p. 535): "By the act in force July 1, 1897, the law respecting special assessments for local improvements was revised and materially changed and all prior laws in conflict therewith were expressly repealed." And on page 538 it is said: "The object and purpose of the new law are the same as the old. It imposes no new liability upon appellants, but merely affects the procedure against them in the collection of the special assessment."

We think, if this case depended upon it and it were necessary to sustain the judgment, we would be warranted in holding that, within the meaning of the expression in the Park act that article 9 of the City and Village act, and all acts amendatory thereof, should be applicable to the proceedings relating to park assessments, the Local Improvement act of 1897 is an amendment to article 9, for there can be little difference between a revision of an act and an amendment to it. The main difference would be in testing the constitutionality of the act as amended by the title of the act. But we do not deem it necessary to so hold in this case. The proviso to section 1 of the Local Improvement act of 1897 (Hurd's Stat. 1899, p. 362) is as follows: "This act shall apply only to such cities and villages as are now, or shall hereafter become, incorporated under an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, and to all cities, villages and incorporated towns which have heretofore adopted article 9 of the act above mentioned, in the manner therein provided, or shall hereafter adopt this act, as herein provided; but all other corporate authorities, having power to levy special assessments or special taxes for local improve-

ments, may make use of the provisions of this act for that purpose in the manner hereinafter provided." By the last clause of the above proviso the provisions of the act are extended to all corporate authorities, other than cities and villages, having power to levy special assessments or special taxes for local improvements, and they are not required, as are cities and villages that were incorporated by special charters, to adopt article 9 of this act in any formal way to avail of it. Section 98 of the same act also provides: "Wherever authority of law now exists in corporate authorities in this State to levy special assessments or special taxes for local improvements, and for that purpose to use the proceedings or methods provided by article 9 of an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, such corporate authorities are hereby authorized to make use of the provisions of this act for such purpose, with the same effect and to the same extent as heretofore authorized to use the provisions of said article 9; and any such corporate authorities as may be hereafter authorized by law to levy such special assessments or special taxes, may, whether otherwise expressly authorized thereto or not, make use of the provisions of this act in like manner."

With these broad, sweeping provisions it would seem unnecessary to go into any lengthy consideration of the question whether the park commissioners could avail themselves of the provisions of the Local Improvement act of 1897 by virtue of the authority given them in the Park act, when the act of 1897 itself confers such unlimited power and authority upon them. Appellee is a corporation, and has express power to levy the particular assessment here in question, (Park act, sec. 2,) and being such, is invested with full power, under sections 1 and 98 of the Local Improvement act, to avail itself of the provisions of the latter.

It is contended by appellants that the Local Improvement act cannot apply to this proceeding because of the provisions

of section 99 of the latter act. The section referred to contains the repealing and saving provisions of the act. The section provides that laws subsisting at the time the act takes effect "shall continue to apply to all proceedings [1] for the condemnation of lands, [2] or the confirmation of special assessments  *  *  *  which were pending in any court, *  *  *  [3] to all proceedings for the collection of any deficiency under past levies, already made under any laws existing; * * * [4] and also to all proceedings for new assessments made in lieu of others annulled before the act concerning local improvements of June 14, 1897, took effect by order of some court. [5] When any installment of an assessment confirmed under prior acts shall mature, proceedings to return the same delinquent and to collect the same shall conform to the provisions of this act."

Appellants direct our attention to the fourth provision above quoted, and say that the assessment now sought to be collected falls within its terms; that it is a new assessment in lieu of another assessment annulled by order of court, and that the proceedings for the collection as well as for making the new assessment must be carried on, if at all, under some law existing prior to the act of 1897. They further urge that the fifth provision above quoted has no application to this case as it is confined to "installments," and that the assessment in question was not by installments, but is for the whole cost in one payment.

With this contention of appellants we do not agree. The rule that all parts of an act must be construed together to determine the true meaning is familiar and will not be questioned. The fourth proviso above was contained in the original repealing clause of the act of 1897, but the fifth proviso was not enacted until 1901. (Laws of 1901, p. 118.) It may be well doubted whether, under the language of proviso 4 and without proviso 5, this court would feel warranted in holding that proviso 4 referred not only the making of the assessment, but the collection of it as well, to prior existing

213—29

laws. There is a well defined distinction between the proceedings for an assessment and the proceedings for the collection of it by judgment and sale of the property. But proviso 5 must, if it be given effect, be held to be a limitation on or qualification of proviso 4, so far as it applies to it or the assessment that may be made for the purpose it refers to. The terms of the language used in the fifth proviso do not restrict its application to the proceedings referred to in any one of the previous provisions, and if it has application to one there is nothing appearing in the act itself to prevent its having application to all.

The contention that the word "installment" has a special and restricted meaning, and cannot be applied to an assessment confirmed under a prior act but must be applied to an installment of an assessment we think too narrow, and, in view of the proviso, unsound. Under the Local Improvement act of 1897, judgment of sale of delinquent lands for special assessments is to be at the same time, and controlled the same, as an application for judgment for State, county and general taxes. (Sec. 67.) The delinquent list must be filed with the county collector on or before April 1, and the county collector is required to give the same notice that is given in the case of other taxes. (Sec. 67.) If special circumstances do not require otherwise, one judgment can be entered covering the taxes, general, local and special, and special assessment. (Revenue act, sec. 191.) And the evident purpose of the fifth proviso was to have some uniformity in the making up of the "tax, judgment, sale, redemption and forfeiture record," (Revenue act, sec. 200,) and the advertisement and judgment,—in other words, the whole proceeding for the collection of taxes by the general tax officer. No one can conjure the remotest reason why an installment, which is, as strictly understood, a part of the whole, should pursue one course that payment might be enforced, and an assessment payable in one payment or installment must pursue another. Such a construction would both

seem absurd and work absurd results not in keeping with the purpose of the proviso, and should, if possible, be avoided. (*People* v. *City of Chicago,* 152 Ill. 546.) The proviso does not say its effect is confined to assessments payable in installments, but is, "when any installment of any assessment confirmed under prior acts," etc. This assessment was confirmed under a prior act, and instead of being payable in several installments is payable in one payment. It is common to inquire of an assessment whether it is payable in one or several installments, and while it cannot be a strictly accurate expression according to the definition of "installment," still we think such was the sense in which the word was used in the proviso under discussion, and that the word, in the connection used, might properly be held to cover the whole or any part of an assessment confirmed under prior acts. As we think, the park commissioners were authorized, by both the Park act of 1895 and the Local Improvement act of 1897, to adopt and follow the provisions of the latter act.

We have examined the record and also find that in the proceeding before us the park commissioners did adopt and follow literally the provisions of sections 61 to 67, inclusive, of the act of 1897, and that the provision as to returns found in section 178 of the Revenue act, and the provision of section 279 of the same act prescribing a time or limitation, have no application to this assessment, and that the proceeding and lien are not controlled by them. *People* v. *Pierce,* 90 Ill. 85; *Potwin* v. *Johnson,* 108 id. 70; *Gross* v. *People,* 193 id. 260.

Appellants direct our attention to two judgments of sale which they say were entered on this assessment. They say that one of the judgments was signed by the judge and one of them was not signed by him, and that that, at least, is error. Section 191 of the Revenue act requires that the judgment shall be signed by the judge. The judgment that is signed by him gives the number of the warrant and the number of the assessment; the other is not signed and is

mere surplusage, and does not render the judgment entered and signed and relating to the same assessment void, nor is it such error as should work a reversal of the signed judgment. To the one that is signed it is only objected that the name of the park commissioners is not correctly stated. It is there designated as "The Board of West Park Commissioners," while appellants point out that the name is "The Board of West Chicago Park Commissioners." We do not think this variance so material as to call for a reversal of the judgment. The judgment is in the name of the county treasurer and *ex officio* collector, and the other matters are descriptive of what the judgment is for, and we think are sufficiently certain that there is no likelihood of a double sale. for the satisfaction of the assessment.

The judgment is affirmed. *Judgment affirmed.*