## John. D. Murphy et al. v. The People, ex rel. West Chicago Park Commissioners et al.

### Gen. No. 13,135.

1. AFFIRMANCE—*when order of, sufficiently entitled.* An order of affirmance is sufficiently entitled if it identifies it with the cause in which it is entered; it is not essential that it shall set forth all of the names of the parties to the appeal.

2. AFFIRMANCE—*when order of, sufficiently identified.* Where the title upon a certified copy of an order of affirmance shows that it was entered in the cause with respect to which it is offered, it will be taken by the court to have been so entered in such cause in the absence of countervailing evidence.

3. ADMISSION—*effect of, contained in pleading.* An admission, by answer, of a fact material to the issue, is conclusive, and the party making such admission cannot thereafter dispute the fact admitted in the cause in which the admission is made.

4. REVENUE ACT—*sections 178 and 179 construed.* Sections 178 and 179 of the Revenue Act have no application to a proceeding to sell real estate for delinquency in payment of a special assessment.

5. DELINQUENT LIST—*when need not be filed with county collector.* Where prior to an appeal from a judgment of sale entered in a special assessment proceeding, a delinquent list has been furnished to the county collector, it is not necessary after affirmance to furnish such collector with a second delinquent list.

6. MANDAMUS—*when lies against county collector.* Mandamus lies against a county collector at the instance of a park board to compel such collector to make sale of property delinquent with respect to a special assessment, where he has been furnished with all the *data* required by law to be furnished to him, and has had sufficient time and opportunity within which to make sale pursuant to law and has failed and neglected so to do.

*Mandamus* proceeding. Error to the Superior Court of Cook

county; the Hon. AXEL CHYTRAUS, Judge, presiding.    Heard in
this court at the October term, 1906.   Affirmed.   Opinion filed No-
vember 15, 1906.

**Statement by the Court.**    This is a writ of error in
a *mandamus* proceeding originating in the Superior
Court, where the writ was awarded, and the parties
here will be designated in this opinion as plaintiffs
and defendants respectively.

The original petition for *mandamus* was filed May
24, 1905, by the defendant, The People *ex rel.* West
Chicago Park Commissioners, against the defendant
Hanberg in his official capacity, and the plaintiffs
came into that cause on their own motion as interven-
ing petitioners June 7, 1905.   On hearing, the prayer
of petition was granted and a writ of *mandamus*
awarded June 8, 1905.   From this order the inter-
vening petitioners prosecute this writ of error and
ask a reversal.   The errors assigned challenge the ju-
risdiction of the Superior Court either to entertain
the petition, hear the same, or grant the writ of *man-
damus* prayed; that the order awarding the writ is
contrary to the evidence and the law and in violation
of the Constitution of this State and of the fourteenth
amendment to the Federal Constitution, in that it is
sought by that proceeding to deprive plaintiffs of their
property without due process of law.

The petition, after setting forth the powers and
duties of the defendants, the relator, and the respond-
ent Hanberg, etc., set forth the proceedings had in re-
lation to the special assessment for the improvement
of Douglas boulevard, a part of the park system
operated by the relator, culminating in an order of the
Supreme Court of December 22, 1904, in the case of E.
A. Cummings et al. v. John J. Hanberg, county treas-
urer, affirming a judgment of the County Court of
Cook county entered August 6, 1904.

The protracted litigation involved in the Douglas
boulevard special assessment—the subject-matter of

the *mandamus* proceeding—may be traced in its ever-winding and long-continued path in the following cases: Culver v. The People, 161 Ill. 89; W. C. P'k. Com'rs. v. Farber, 171 Ill. 146; Cummings v. W. C. P'k. Com'rs., 181 Ill. 136; Culver v. W. C. P'k. Com'rs., 182 Ill. 134; Farrell v. W. C. P'k. Com'rs., 182 Ill. 250; Cummings v. The People ex rel., 213 Ill. 443.

Writs of error from the three last cited cases were sued out to the Supreme Court of Illinois from the Supreme Court of the United States, which latter court after a hearing dismissed them.

The petition for *mandamus* further alleges that at the July term, 1904, of the County Court, Hanberg, as collector, applied for a judgment and order of sale against certain property, including that of plaintiffs, upon which the special assessment there involved had not been paid, and that at said term, in case No. 147, the objections of plaintiffs were overruled and a judgment order of sale entered against the property assessed, including that of plaintiffs, from which judgment and order plaintiffs prosecuted an appeal to the Supreme Court, which judgment and order of sale of the County Court was, after a hearing and at the February term, 1905, affirmed by the Supreme Court. E. A. Cummings et al. v. People *ex rel.*, 213 Ill. 443. That thereafter, and on April 19, 1905, an order of affirmance was filed in the County Court, and on the same day notice of such filing lodged with Hanberg as county collector, etc. That on said April 19, 1905, relator caused a list of property against which the said judgment and order of sale was entered to be filed in the office of the respondent Hanberg, setting forth the names of the owners, so far as known, and the amounts of the assessment due, etc., averring that Hanberg, as collector, was in possession of "all of the data necessary to enable him to carry into execution said judgment and order of sale in the manner provided by

law." After setting forth the duty of Hanberg as county collector to proceed and advertise and make sale of the property delinquent, including the property of plaintiffs, avers that Hanberg while proceeding to advertise and sell other property delinquent at the annual tax sale for the year 1905, yet, although demand has been made by relator upon Hanberg as such collector, etc., "to advertise and expose for sale all property against which said judgment and order of sale has been rendered as aforesaid, for said delinquent assessment in the manner provided by law, without cause refuses to do so." That such unpaid assessments amount in the aggregate to about $150,000. Praying that Hanberg as collector, etc., be commanded to advertise for sale said delinquent lands "at the same time that he publishes notice of his intended application for judgment and order of sale against delinquent lots and lands for taxes and special assessments at the July term of court, 1905, and in the manner provided by law, * * * and that he be further directed and commanded * * * to expose for sale in the manner provided by law and at the annual sale for lots and lands for delinquent taxes and special assessments * * * for the year 1905, all of the property against which said judgment and order of sale has been rendered as aforesaid."

To this petition Hanberg, the respondent, filed an answer, which by leave of court plaintiffs, after having been let in as interveners, adopted as their own. This answer is in part as follows:

"This respondent, for answer to said petition, admits all of the allegations of fact in said petition set forth, except as to the allegations in the 13th paragraph of said petition, and as to the allegations in said paragraph contained, this respondent says that on December 22, 1904, the Supreme Court of Illinois, in an appeal then pending before said court, entitled: 'E. A. Cummings & Co. et al. v. The People ex rel.

John J. Hanberg, County Treasurer,' rendered an opinion, in which opinion they affirmed the judgment of the County Court of Cook county, which judgment of the County Court was rendered on August 6, 1904, in the matter of the application of the county treasurer and ex-officio county collector of Cook county for judgment against delinquent lands and lots, overruling objections to applications for judgment for delinquent special assessments, which objections were numbered 147 in the County Court of Cook county; that thereafter a petition for rehearing was filed in the Supreme Court in said cause, which petition for rehearing was denied on February 9, 1905; that thereafter, on April 19, 1905, there was filed in the office of the clerk of the County Court a certain instrument under the signature of the clerk of the Supreme Court of Illinois and seal of said court, which instrument is as follows, to wit:

'BE IT REMEMBERED, to wit, on the 22nd day of December, A. D. 1904, the same being one of the days of the term of court aforesaid, the following proceedings were by said court had and entered of record, to wit:

| E. A. CUMMINGS & Co., ET AL., No. 3,867        vs. PEOPLE ex rel. JOHN J. HANBERG, County Treasurer. | Appeal County Court, Cook. |
|---|---|

And now come on this day, this cause having been argued by counsel, and the court having diligently examined and inspected, as well the record and proceedings aforesaid, as the matters and things therein assigned (for) error, and being now sufficiently advised of and concerning the premises, for that it appears to the court now here, that neither in the record and proceedings aforesaid, nor in the rendition of the judgment aforesaid, is there anything erroneous, vicious or defective, and that in that record there is no error; therefore it is considered by the court that the judgment aforesaid, be affirmed in all things, and stand in full force and effect, notwithstanding the said matters and things therein assigned for error. And it is fur-

ther considered by the court, that the said appellee
recover of and from the said appellants costs by it in
this behalf expended, and that it have execution there-
for.'

The said instrument, by the direction of the attorney
for the West Chicago Park Commissioners, the relator
in this cause, was filed by the clerk of the County
Court in said objection No. 147 for the year 1904.

This respondent further answering as to the remain-
ing allegations of fact in said paragraph 13th, admits
the same, but this respondent denies that said instru-
ment in writing filed in the County Court of Cook
county as aforesaid, is an order of affirmance of the
judgment rendered by the County Court of Cook
county against the property objected for in said ob-
jection No. 147.''

Paragraph 14 of the petition, admitted by the an-
swer to be true, is as follows:

"14.   That on, to-wit, April 19, 1905, the relator
caused to be filed in the office of said John J. Hanberg
a correct list of all property against which said judg-
ment and order of sale was entered, as aforesaid, in
said County Court, setting forth the names of the
owners of said property, so far as known; that said
county treasurer now has in his possession all data
necessary to enable him to carry into execution said
judgment and order of sale in the manner provided
by law.''

GEORGE W. WILBUR, for plaintiffs in error.

BENJAMIN F. RICHOLSON and CLAIR D. VALLETTE, for
defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

From the foregoing statement it will be seen that
the only matter put in issue by the answer is a denial
that the order of affirmance of the Supreme Court
filed in the County Court in Cummings et al. vs. The
People ex rel., is an affirmance of the judgment ren-
dered by that court against the property covered by

objection No. 147.  Plaintiffs proffered no evidence to sustain this contention, contenting themselves with an objection to the introduction in evidence by relator of a certified copy of that order of affirmance, which was received by the trial court over such objections.  An examination of the order itself sufficiently identifies the case, in the absence of countervailing testimony raising a doubt as to its authenticity as the affirming order in the case appealed from the County Court to the Supreme Court.  It is not the function of an affirming order, and in practice never has been, to do more than entitle the cause in an abbreviated form without setting forth the names of all the parties.  Neither is it necessary, or the practice, to set out, for the purpose of identification, or any other purpose, the subject-matter of the controversy or the description of the property involved in the suit from which the appeal is prosecuted.

The record is barren of any fact from which this court can say the affirmance order is not, in the case appealed from, the judgment and order of sale entered by the County Court in objection No. 147.  The record, on the contrary, bears affirmative proof of its identity with objection No. 147.  Neither can we find from the record that the order of affirmance was not filed in the office of the clerk of the County Court. However, the fact that plaintiffs' answer admits it was so filed is conclusive.  R. p. 20, the answer contains this admission, "that thereafter, on April 19, 1905, there was filed in the office of the clerk of the County Court a certain instrument under the signature of the clerk of the Supreme Court of Illinois, and seal of said court," and then sets forth the affirmance order in *haec verba;* and again at R. p. 21, denies that the affirmance order "filed in the County Court of Cook county as aforesaid," is the affirmance order in that case, thus while denying the order is properly filed, in that case, still admits that the order itself was so filed by the clerk of the County Court.  Plaintiffs are

precluded by the record from disputing such admitted fact here. Were the fact contrary to the admission, plaintiffs might have moved the County Court to strike the affirmance order from the files as having been improvidently filed by the clerk. If such motion had prevailed, relator would have been without the necessary proof in this regard to sustain its position for *mandamus.*

The notice of affirmance was filed in ample time to enable Hanberg, as collector, to take all the steps required of him by law to put into execution the judgment and order of sale, and no reason is shown, either in the assignment of error, or advanced in argument, why this is not so, and wherein the time was lacking in which all the necessary requirements of the law could not be fulfilled within the time limited by statute, and the record does not disclose any reason which, to our minds, warrants our finding to the contrary.

No steps were taken by Hanberg to collect the special assessment until after the filing of the order of affirmance. Sections 178 and 179 of the Revenue Act have no application to this case. These sections are not applicable to special assessments collectible under the Local Improvement Act of 1897, which directs the method of making such 'collections.' Potwin v. Johnson, 108 Ill. 70; People v. Pierce, 90 Ill. 85.

In Cummings v. People *ex rel.,* 213 Ill. 443, the court decided that the proceedings for the collection of the special assessment for which the mandamus in this case was issued, were properly instituted under sections 61 to 67 of the Local Improvement Act, *supra,* and that sections 178 and 179 of the Revenue Act did not apply.

People v. Wadlow, 166 Ill. 119, is clearly distinguishable on the facts from this case, and consequently is not an authority in point here. In the Wadlow case all the proceedings for collection up to the time of filing objections, July 23, 1896, were had before

the order of affirmance was filed. June 19, 1896, notice was published that judgment would be applied for at July term. Objections were filed July 23, 1896, on which date the affirming order was filed. From these facts it is claimed the statute was violated and all steps taken prior to July 23, 1896, were premature. The filing of the delinquent list by the special collector of the West Chicago Park Commissioners was unnecessary, and it is apparent was simply a labor-saving device for the benefit of the collector from which he might check up his own books. But in the situation of the pleadings here, it is immaterial when that list was filed or whether it was filed at all. The delinquent list provided by law to be furnished the county collector had been so furnished at the time of the first judgment order of sale appealed from, and there is nothing in the statute requiring a new delinquent list to be furnished on the filing of an affirming order from the Supreme Court.

Furthermore, we find it charged in the petition for *mandamus* that the county collector had in his possession all data necessary to enable him to carry into execution said judgment and order of sale in the manner provided by law, and this fact is admitted by the answer of plaintiffs. It follows, therefore, that Hanberg, as county collector, had sufficient evidence before him to justify him in taking all necessary steps to carry into effect the judgment and order of sale of the County Court before the filing of the order of affirmance by the Supreme Court.

Defendants have assigned cross-errors on the admission of plaintiffs by the Superior Court as interveners in the *mandamus* proceeding. We have examined the question with some care, and are inclined to the opinion that there is justification for this insistence by defendants, but we deem it unnecessary to a disposition of this controversy to decide this point, and we therefore refrain from doing so.

The legal history of this case, gathered from the

decisions cited in the preliminary statement, is a revelation of legal ingenuity exerted in an effort to defeat a special assessment for a public improvement benefitting the property of the contestants, prolonged for many years. This, to the present time, is the closing scene of this series of suits. Every point urged upon us by plaintiffs is highly technical and devoid of an atom of merit or a conscionable pretense of merit. All the statutory requirements have not only been fulfilled, demanding that Hanberg, as collector, proceed to sell the property delinquent, but the Supreme Court of this state has so adjudicated. There is no constitutional question here involved, and the claim that the federal organic law has been violated in an attempt to deprive plaintiffs of their property, without due process of law, has neither foundation of law or fact on which to rest.

There is no error in this record, and the judgment of the Superior Court awarding a writ of *mandamus* is affirmed.

*Affirmed.*