# THE PEOPLE etc. *ex rel.* THE KASKASKIA RIVER NAVIGATION COMPANY

*v.*

## CHARLES E. LIPPINCOTT, Auditor, etc.

1. CONSTITUTIONAL LAW—*commutation of taxes.* The special act, approved April 15, 1869, entitled "An act supplemental to an act to incorporate the Kaskaskia River Navigation Company," approved Feb. 8, 1853, for the purpose of giving State aid, to enable the counties and towns on the same to aid said company, which appropriated the State taxes, except the school and two mill· tax, on certain townships, to aid in the improvements contemplated in the original act, was abrogated by the constitution of 1870.

2. Such act is inconsistent with section 6 of article 9 of the constitution of 1870, which prohibits the commutation of State taxes, and also inconsistent with section 7 of the same article, which declares that "all taxes levied for State purposes shall be paid into the State treasury," as such act authorized the collector to pay such taxes to the treasurer of the company.

This was an application for a *mandamus* against Charles E. Lippincott, Auditor of Public Accounts of the State of Illinois, to compel him to issue and deliver to the relators or their treasurer a warrant upon the Treasurer of the State for certain State taxes mentioned in the opinion.

Messrs. ROBINSON, KNAPP & SHUTT, for the relators.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The General Assembly of this State passed an act approved April 15th, 1869, entitled "An act supplemental to an act to incorporate the Kaskaskia River Navigation Company," approved February 8th, 1853, for the purpose of giving State aid to enable the counties and towns on the same to aid said company, in and by which supplemental act it was enacted, "That the taxes levied and collected for State purposes, except the State school tax, and the two mill tax, provided by the constitution to help pay the State debt, for the years eighteen

hundred and sixty-eight and eighteen hundred and sixty-nine, and for eight years thereafter, from the real estate lying and being within the following limits in the county of Randolph, to wit: Townships four (4), five (5), six (6) and seven (7), south, of range seven (7) west, and townships four (4), and six (6) south, of range six (6) west, and townships four (4), five (5) and six (6), south, of range eight (8) west; be appropriated and applied to the construction of the improvements contemplated by the said act, entitled 'An act to incorporate the Kaskaskia River Navigation Company,' approved February 8, 1853."

And it was further provided by the act that the collector of Randolph county was authorized and directed to pay over to the treasurer of said company all the State taxes as aforesaid levied on the real estate in said townships for the years aforesaid, so soon as the same should be collected; and that said State taxes so paid to said company should be applied to the improvements of the said river, and to no other purpose whatever. And that none of said State taxes should be paid over to the said company until after the improvements on said river shall have been commenced in good faith.

This was a petition of the Kaskaskia River Navigation Company, presented at the June term, 1872, of this court, for a writ of *mandamus* to compel the Auditor of the State to issue to the said company his warrant as such Auditor upon the Treasurer of the State for the respective sums of $1056.86 and $970.75—the petition representing that the company had commenced the improvements of said river in good faith; that there were levied and collected by the collector of said county of Randolph State taxes from the real estate in said townships to the amount of said sums for the respective years of 1868 and 1869, as interest tax generally, so called, to pay interest on the debt of the State, both of which sums the collector had refused to pay over to the treasurer of said company, and had paid the same over to the Treasurer of the State upon the order of the Auditor.

550        THE PEOPLE *ex rel. v.* LIPPINCOTT, ETC. [Sept. T.,

Opinion of the Court.

Passing by the question whether the appropriation of State taxes by this act should be construed as embracing this interest tax, which, under a previous general law of the State, the Auditor was required to assess as a sum necessary for the payment of the interest upon the State debt, and which was to be applied to that, and for no other purpose whatsoever, it will suffice to say that we regard the act in question as a species of special legislation, which ceased to have effect upon the adoption of the present constitution.

Section 6 of article 9 of that instrument declares, "The general assembly shall have no power to release or discharge any county, city, township, town or district, whatever, or the inhabitants thereof, or the property therein, from their or its proportionate share of taxes to be levied for State purposes, nor shall commutation for such taxes be authorized in any form whatsoever."

Under the act in question, the State taxes upon the real estate within the limits designated are not paid into the State treasury for State purposes, but they are paid into the hands of a private corporation for the purpose of making a local improvement. Although professedly levied and collected for State purposes, they are not so received and applied. The owners of such real estate really pay no State taxes, but instead thereof they pay the amounts of such taxes towards the making of this local improvement. The sums of money which they so pay, are of equal amounts with their State taxes, and are collected by the same compulsory mode as State taxes; and only so far, do they partake of the character of State taxes for State purposes. As the act directs the collector of Randolph county to pay over the State taxes named as soon as collected to the treasurer of the Kaskaskia River Navigation Company, to be applied to the improvement of said river, we look upon it as but a form of commuting such State taxes for the payment and appropriation of a sum of money of equivalent amount with such State taxes to this local improvement.

If the collector of Randolph county, instead of paying these State taxes into the State treasury, should pay them over to the treasurer of this company, he would do so by virtue of the authority of this act of the general assembly, and it would be yielding to the operation of such authority.

To give effect, then, to this act of the general assembly, would, as we conceive, amount to an authorization of the commutation for State taxes allowed by the act, and therein be repugnant to the provision of the constitution above cited, which declares that commutation for taxes, to be levied for State purposes, shall not be authorized in any form whatsoever.

Section 7 of the same article of the present constitution declares that, "All taxes levied for State purposes shall be paid into the State treasury." The act in question does not consist with that section, as the act authorizes and directs the collector of Randolph county to pay over to the treasurer of the Kaskaskia River Navigation Company these State taxes as soon as collected, and that they should be applied to the improvement of said river, and to no other purpose whatsoever.

We must hold that this supplemental act of the general assembly became inoperative upon the adoption of the present constitution, as being inconsistent therewith, and that the writ of *mandamus* must be refused.

*Mandamus refused.*