FRANCIS S. HOWE *et al.*

*v.*

THE PEOPLE *ex rel.* Louis C. Huck.

1. ASSESSMENT — *must be upon each tract separately.* It is the duty of assessors to assess each tract of land separately, and a judgment and order of sale against a tract of land which has not been so assessed, but which has been assessed in connection with other lands aggregately, is erroneous.

2. The provision of the statute that the assessor shall determine the value of each tract of land, and set down in the books furnished him the value of each tract or lot, is for the benefit of the tax-payer, and a compliance therewith is essential to the validity of the tax.

APPEAL from the County Court of Cook County; the Hon. M. R. M. WALLACE, Judge, presiding.

Messrs. KERR & MATTHEWS, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The judgment and order of sale against the east half of the south-west quarter of section 32, township 41, range 14, was erroneous for the reason that this tract was assessed in connection with the fractional north-east quarter and the east half of the north-west quarter of the same section, one value being attached to the three tracts, instead of a distinct value being given to each tract, and the amount of tax, $1,069.64, was carried out and set down as a charge against the three tracts as one tract.

Section 4 of the General Revenue Law (Rev. Stat. 1874, p. 858) provides that *each tract* or *lot* of real property shall be valued at its fair cash value, etc.

Section 76 of the same law requires the assessors to actually view, and determine, as nearly as practicable, the fair cash value of, *each tract* or *lot* of land listed for taxation, and set down in the books furnished them the value of *each tract* or *lot*.

These provisions may be supposed to be based upon section 1 of article 9 of the constitution, which requires that every person and corporation shall pay a tax in proportion to the value of his, her, or its property. The value of each person's property is the basis of taxation, and determines the share of the public burdens which such person may be legally called upon to bear. Without a valuation there can be no valid tax.

Appellant was the owner of the east half of the south-west quarter of the section, having bought the same in 1868, and ever since having been in possession of it. He did not own the other tracts. He offered to prove that the

19 — 86TH ILL.

290　　　· Howe *et al. v.* The People *ex rel.* [Sept. T.

Opinion of the Court.

value of the other two pieces of land was larger per acre than that of appellant, and that prior to the year 1875 his tract of land had been assessed separately from the other two tracts, and that he had paid his taxes separately thereon; which evidence was excluded, and exception taken. Were this testimony in, it would make the case of appellant the stronger. But the different tracts may be presumed to be of different values.

Three separate tracts of land, two of them belonging to others, have here been valued and assessed aggregately. What part of this aggregate valuation constitutes the value of appellant's tract it is impossible to tell. The value of his tract has not been determined by the assessor as is required by law.

There has been here a plain non-compliance with a substantial requirement of the statute, the object of which is for the benefit of the tax-payer. A compliance with all such requirements is, upon familiar principles, essential to the validity of the tax. Elsewhere, assessments like the one in question have been held void. In the case of *Hamilton* v. *Fond du Lac,* 25 Wis. 494, the court say: "The decisions of this court in *The State, ex rel. Roe,* v. *Williston,* 20 Wis. 228, and in *Crane* v. *Janesville,* ib. 305, have settled the rule that an assessment against one person of lots owned by himself and of lots owned by others, as a single assessment, is void." To similar effect are *Shimmin* v. *Inman,* 26 Me. 228, and *Willie* v. *Scoville's Lessee,* 9 Ohio, 44. Judge Cooley, in his work on Taxation, page 280, referring to the above and other cases, after remarking that a separate assessment is essential if the statute requires it, says: "It can not be held, in any case, that it is unimportant to the tax-payer whether this requirement is complied with or not. Indeed, it is made solely for his benefit. * * * And when a requirement has for its sole object the benefit of the tax-payer, the necessity for a compliance with it can not be made to depend upon the circumstances of a particular case, and the opinion of a court or jury regarding

the importance of obedience to it in that instance. That method of construing statutes would abolish all certainty.''

Nothing is shown in justification of the act of the officer in making the assessment as he did.

It is said that it is the duty of owners of land to see that their property is properly listed and described. The statute provides that real property shall be listed by the owners, their agents, county clerks, or assessors, or the county board. There is no evidence in the record that appellant did not list his land properly. It would rather appear that the lands had been properly listed. The three tracts were properly entered on the assessor's book. The name of the DeKoven estate was annexed to two of the tracts, and no name was annexed to the other. However the land was listed, it was the duty of the assessor to assess *each tract* or *lot* of land separately. This duty was subsequent to the listing, and over this the appellant had no power.

The judgment will be reversed.

*Judgment reversed.*

Mr. JUSTICE WALKER, dissenting: I am unable to concur in the conclusion announced in this case. I hold that appellant should have listed his land, and, failing to do so, the assessor was bound to make an assessment; and if he made a mistake in doing so, the owner should have appeared before the board of review and had it corrected, and failing to do so he should be bound by the assessment.