LENA R. McCAULEY*

*v.*

THE PEOPLE *ex rel.* Louis C. Huck.

SPECIAL ASSESSMENTS—*notice of application for judgment need not include taxes.* Notice of an application for judgment against lands for unpaid special assessments, separate and distinct from the notice of application for judgment for

---

*The cases of *Race* v. *The People ex rel. Huck,* and *Walker* v. *The Same,* are also considered in this opinion.

unpaid taxes, although judgment is asked as to both at the same time, is not invalid. The application may be made for judgment for both special assessments and taxes together, but the law does not make this imperative.

APPEALS from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

These several cases arise under an application by Louis C. Huck, collector of Cook county, for judgment against certain lands and lots, for unpaid special assessments and taxes. The county court overruled the objections made, and rendered judgment against the lands.

Mr. EDWARD ROBY, for the appellants.

Mr. FRANCIS ADAMS, Mr. ELLIOTT ANTHONY, and Mr. W. H. HOLDEN, for the appellee.

Per CURIAM: But one and the same question is presented, in each of these cases, by the appellant. These are appeals from the judgment of the county court, against certain lands, for certain special assessments. At the same term, the same collector made his application for judgment against delinquent lands for taxes; but the notice of the application for judgment for taxes, and the notice for the application for judgment for unpaid special assessments, were not one single notice, embracing both matters in one notice, but the notice under which each of these judgments was rendered was a notice separate from the general notice for judgment for unpaid taxes. Appellant, in each of these cases, insists that this is unlawful, and his counsel has made a very elaborate argument to support the proposition that, by law, judgment for unpaid special assessments can only be rendered where the application for judgment rests upon a notice included in the notice given of the application for judgment for unpaid taxes, and constituting a part of such notice. He insists that such collector can not publish several and separate notices of the respective applications.

This question was before this court in the case of *The People* v. *Sherman*, 83 Ill. 168, and it was there expressly declared that notice in such case can not be held invalid upon the mere ground that it is a notice and application of the county collector, separate and distinct from his application for judgment for State and county taxes. It is there said: "It may be it would be better, and, no doubt, less expensive, that applications for judgments against delinquent lands for special assessments, and for State and county taxes, should be by one notice, but we do not understand any provision of law has made it imperative."

Seeing no reason to change our views, these judgments must be affirmed.

*Judgments affirmed.*