CATHARINA LEINDECKER

*v.*

THE PEOPLE *ex rel.* Wm. T. Johnson.

*Filed at Ottawa November 17, 1880—Rehearing denied March Term, 1881.*

1. JUDGMENT UPON SPECIAL ASSESSMENT—*at what term of court to be applied for—constitutional law.* Section 4 of article 9, of the present constitution provides that lands shall not be sold for taxes or assessments except upon a judgment obtained in a court of record, and that but one general officer of a county can be authorized to make the sale. Thus far the constitution is to be regarded as a limitation upon the power of the legislature, but no further;—as to the time when a judgment may be rendered for taxes or assessments that matter is left by the constitution for the legislature to determine.

2. SAME—*as to the provision of the statute on the subject.* There is no doubt that, under the general revenue law of the State, application for judgment against delinquent lands for State and county taxes is required to be made at the May term of the county court; but in respect to special assessments levied by a city or town organized under the general incorporation law, that law confers upon the city council the power to appoint the term of the court at which application for judgment shall be made, which may be a term other than that at which application is required to be made for judgment for State and county taxes.

3. Nor is the rule as to the term of court at which application for judgment upon such assessments may be made, affected by anything contained in section 1 of the act of May 2, 1873, (now sec. 299 Ch. 120, entitled "Revenue") on the subject of the time of advertising the sale of lands for delinquent taxes. These assessments are not embraced in that section, not being required to be included in the advertisement and notice therein provided for.

4. SAME—*as to the time of filing delinquent list.* The statute requiring the delinquent list to be filed five days before the term of court at which application is to be made for judgment upon such assessments, is directory merely, and a literal compliance with that requirement is not essential to the jurisdiction of the court or the validity of the judgment.

APPEAL from the Appellate Court for the First District; —heard in that court on an appeal from the County Court of Cook county ; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. JOHN P. WILSON, for the appellant.

Mr. FRANCIS ADAMS, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The first, and indeed the main question presented by the record, is whether a county collector is authorized by the statute to make application for judgment for a special assessment levied by a city or town organized under the general law for the incorporation of cities and villages, at a term of the county court other or different from the time application is made for judgment for State and county taxes, or does the statute require the application to be made at the same term judgment is obtained for State and county taxes. On behalf of appellant, it is contended that the county court has no jurisdiction to render a judgment for a special assessment at a different term of court from that at which application for a judgment is made for the State and county taxes; and in support of the proposition section 4, article 9, of the constitution is relied upon, which is as follows:

"The General Assembly shall provide, in all cases where it may be necessary to sell real estate for the non-payment of taxes or special assessments for State, county, municipal or other purposes, that a return of such unpaid taxes or assessments shall be made to some general officer of the county having authority to receive State and county taxes; and there shall be no sale of said property for any of said taxes or assessments but by said officer, upon the order or judgment of some court of record."

Prior to the adoption of the present constitution, many of the cities and towns had tax collectors of their own, who, under the charters of the cities and towns where they were elected, were authorized to apply for and obtain judgment against delinquent lands, and to sell the same for the non-payment of taxes and assessments levied by the city or town. The purpose of the section of the constitution cited was to obviate this supposed evil, and to prevent a sale of lands by these various city officers, and to require a return to be made

to some general officer of the county, who should in all cases, when it became necessary, make the sale of delinquent lands for taxes or assessments.    Under this provision of the constitution, no land can be sold for taxes or assessments unless a judgment has first been obtained in a court of record, and but one general officer of the county can be authorized by the legislature to make the sale.    Thus far the constitutional provision may be regarded as a limitation upon the power of the legislature, but no further.    As to the time when a judgment may be rendered for taxes or assessments, that matter is left, by the constitution, for the legislature to determine. The question then arises, what provision the legislature has made on the subject.

Section 185 of the Revenue law, Rev. Stat. 1874, p. 888, declares:    "All applications for judgment and order of sale for taxes and special assessments on delinquent lands and lots shall be made at the May term of the county court."    This provision of the statute is broad enough to include the application in question, and if there was no other statute on the subject, it is apparent that the judgment rendered in this case could not be sustained, as it was not rendered at the May term, as required by the act.    At the time the constitution of 1870 was adopted, there was no uniform system of collecting taxes and special assessments in cities organized under special charters, but each city in the State proceeded under the provisions of its charter, whatever they might be, and the section of the statute, in so far as it relates to special assessments, was doubtless passed for the purpose of establishing a uniform system to govern and control all cities acting under special charters.    But we do not believe section 185 was intended to apply to towns or cities organized under the general Incorporation act, because, if such had been its object, a different provision would not have been made for such cities and towns, as is the case in chapter 24, entitled "Cities, Villages and Towns."    Under this chapter of the statute, when a city or town organized under it seeks to collect a

special assessment, the steps to be taken are clearly marked out.

Section 152 of the last named act requires the collector to call on all persons, as far as practicable, who reside in the corporation, whose names appear on the assessment roll, and request payment. Sec. 153 provides that it shall be the duty of the collector of special assessments, within such time as the city council or board of trustees may, by ordinance, provide, to make report in writing to the general officer of the county authorized or to be designated by the general revenue law of this State, to apply for judgment and sell lands for taxes due the county and State of all the lands, town lots and real property on which he shall have been unable to collect special assessments, and the amount due and unpaid thereon, together with his wrrant, etc. This is followed by section 154, which declares that when said general officer shall receive the report provided for in the preceding section, he shall at once proceed to obtain judgment against said lots and lands for said special assessments remaining due and unpaid, in the same manner as is or may be by law provided for obtaining judgment against lands for taxes due and unpaid the county and State. Under this section it is the duty of the county collector to proceed at once to obtain judgment when he receives the report from the city or local collector, and, under section 153, the city collector is required to make his report at such time as the city council or board of trustees may, by ordinance, provide. It would, therefore, be impossible for the county collector to apply for judgment for a special assessment at the May term of the court, the time required by the general revenue law to apply for judgment for State and county taxes, unless the city council or board of trustees should, by ordinance, require the city collector to make report to him in time for such an application, which, under the law, they are not required to do, but they are empowered with a discretion to determine the time when the report shall be made. It would seem from this that it was

never contemplated that the application for judgment for a special assessment levied by a city or town organized under the general incorporation act, should be made at the same time that application for judgment is made under the provision of the general revenue law. Again, if the collector was to be governed by the general revenue law in making an application for judgment for a special assessment, why was section 158, of chapter 24 enacted, which declares: The general revenue laws of this State, in reference to proceedings to recover judgments for delinquent taxes, the sale of property thereon, the execution of certificates of sale and deeds thereon, the force and effect of such sales and deeds and all other laws in relation to the enforcement and collection of taxes and redemption from tax sales, except as herein otherwise provided, shall be applicable to proceedings to collect such special assessments?

The words, except as herein otherwise provided, were, doubtless, inserted for the reason, in this chapter a different time had been provided wherein application might be made for judgment for a special assessment assessed by a city acting under the general incorporation act, than was required by the general revenue law. The Revenue act and the act in relation to the incorporation of cities and villages were passed at the same session of the legislature, and the fact that section 158 *supra* was adopted in connection with the other sections of chapter 24, shows clearly that applications for judgment on special assessments were not, as to the time of the application, to be controlled or governed by the general revenue law. Under the chapter in regard to the incorporation of cities, villages and towns, express provision is made by section 112 Rev. Stat. 1874, page 231, that city taxes shall be collected and enforced in the same manner and by the same officers as State and county taxes, and it is only reasonable to believe that, had the legislature intended to adopt the same rule as to special assessments, it would have so said.

We have been referred to the first section of an act approved May 2d, 1873, which is now section 299, of chapter 120, entitled "Revenue," Rev. Stat. 1874, as having a bearing on the question. There is no doubt in regard to the fact that all applications embraced within the terms of that section, are required to be made at the same time that application for judgment for State and county taxes is made, because the advertisement is required to be made at the same time, and to form part of the advertisement for State and county taxes. But the assessment under consideration is not required to be included in the annual advertisement and notice, as was held in *The People* v. *Sherman,* 83 Ill. 168, and *McCauley* v. *The People,* 87 id. 124, and, hence, it does not fall within the terms of the section, and can not be controlled by it. While we are satisfied it would be far better if all cities and incorporated towns, whether incorporated under the general law or under a special charter, were required in the collection of special assessments to conform to the provisions of chapter 120, entitled "Revenue," and that, in all cases, application for judgment should be required to be made at the same time application for judgment is made for State and county taxes,— yet, it is apparent that the legislature, for some reason, saw proper to provide otherwise.

It is next urged that the judgment is erroneous because the statute requires the delinquent list to be filed five days before the commencement of the term of court, and it was not filed until the first day of the term. In *Jackson* v. *Cummings,* 15 Ill. 449, a similar statute was held to be directory merely, and that a literal compliance was not essential to the jurisdiction of the court. That decision is conclusive of the question made. The judgment of the county court will be affirmed.

*Judgment affirmed.*