(No. 26453.—

JOHN W. MURRAY, Appellant, *vs.* THE VILLAGE OF SKOKIE *et al.* Appellees.

*Opinion filed January 20, 1942.*

HENRY L. WELLS, for appellant.

CHARLES C. WOOSTER, (MALONEY & WOOSTER, and HAROLD L. SUMMERFIELD, of counsel,) for appellee the Village of Skokie; CASTLE, WILLIAMS & McCARTHY, (FRANZ W. CASTLE, of counsel,) for appellee Joseph J. Witry.

Mr. JUSTICE FARTHING delivered the opinion of the court:

John W. Murray brought this suit in the superior court of Cook county to enjoin the village of Skokie from exchanging ten $100 par value special assessment bonds of like tenor and effect as the bond for $1000 held by Joseph J. Witry. The complaint was dismissed for want of equity and by its decree the court found the exchange was authorized by an ordinance of the village and that this ordinance was constitutional. The trial judge certified that the constitutionality of an ordinance was involved and that the public interest required a direct appeal to this court, and Murray has appealed.

In 1941, the village of Skokie passed the ordinance in question, which is as follows:

"That the President and the Village Clerk of this village be, and they are hereby authorized to issue bonds whenever requested by the holders of outstanding special assessment bonds heretofore issued by the village, or its predecessor, the Village of Niles Center, provided, however, that any such new bonds so issued shall be of like tenor and maturity and the same in all respects except as to denomination, and the said President and Village Clerk are hereby authorized to issue such bonds in sums of One Hundred Dollars ($100), and said President and Clerk are further authorized and directed to indicate upon all such newly issued bonds any credit properly due thereon by reason of payments of principal and interest at any time heretofore made upon the original obligation for which said new bonds are issued in lieu thereof."

Pursuant to this ordinance, Witry had requested the village to cancel his $1000 special assessment bond and to give him in exchange, ten $100 bonds of like tenor and effect, and to endorse on each of these one tenth of the payment that had been credited on the $1000 bond. Plain-

tiff held a similar $1000 bond which, like Witry's, was payable out of the fifth installment of special assessment No. 199.

Murray claimed that the proposed exchange and the ordinance deprived him of his property without due process and that the obligation of his contract would be impaired, contrary to the fourteenth amendment to the Federal constitution and sections 2 and 14 of article 2 of the Illinois constitution. He relies on *Friedman* v. *City of Chicago,* 374 Ill. 545, where we held that the 1939 amendment to section 89 of the Local Improvement act (Ill. Rev. Stat. 1939, chap. 24, par. 795) created new rights and was not retrospective in its operation. In the *Friedman case* we said that in our State, under the Local Improvement act, special assessments, when collected, constitute trust funds to discharge bonds issued to defray the cost of the improvement. We also held that a bondholder whose bond is due is entitled to his *pro rata* share of what has been collected on the installment which secured payment of that bond. (*Rothschild* v. *Village of Calumet Park,* 350 Ill. 330.) Although it was not necessary to decide the constitutional questions raised in the *Friedman case,* that decision is helpful here.

While it is not claimed that Witry was about to use the $100 bonds to pay the fifth installment of this special assessment against his own property, if he had the right to request and receive ten $100 bonds for his $1000 one, because of this ordinance, other bondholders who owed special assessments and held bonds payable out of the fifth installment of the particular special assessment could make the same sort of an exchange and use their $100 bonds in paying that installment. This would by circumlocution defeat the result reached in the *Friedman case.* It would also deprive Murray of his right to participate ratably in the money that would otherwise be collected from such bondholders, on the fifth installment of the special assessment

levied against their property. This would result in an impairment of the obligation of Murray's contract.

We cannot sustain appellees' contention that Murray failed to show that he was adversely affected by the ordinance, or that *Village of Bellwood* v. *Hunter & Co.* 375 Ill. 627, sustains the validity of this ordinance. There, a bondholder whose bonds were issued in a particular local improvement, sought to restrain refunding of bonds issued under a different special assessment, although both assessments were levied against the same property. We held he had the same right to petition for refunding and that his rights were not invaded because the liens of the special assessments were of equal rank and grade.

For the reasons stated the decree of the superior court of Cook county is reversed and the cause is remanded to that court, with directions to render a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*