(No. 28261.—

AUGUST W. SCHREIBER, Appellant, *vs.* THE COUNTY OF
COOK *et al.*, Appellees.

*Opinion filed November 22, 1944.*

DENEEN & MASSENA, of Chicago, (ROY MASSENA, of Chicago, PAUL R. SCHREIBER, of Blue Island, and CHARLES L. MAKEMSON, of Downers Grove, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (WILLIAM J. TUOHY, JOSEPH P. BURKE, and FRANCIS S. CLAMITZ, of counsel,) all of Chicago, for appellees.

ROBERT S. CUSHMAN, and CONCANNON, DILLON, SNOOK & ARTHUR, both of Chicago, for *amici curiae*.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, August W. Schreiber, filed an amended complaint, in the circuit court of Cook county, to enjoin the county of Cook and its officers and agents from expending any tax moneys or funds for any purpose in the sale of lands or in preparation for the sale of lands for delinquent general or special taxes and special assessments under an act entitled "An Act to amend Section 225 of 'An Act to revise the law in relation to the assessment of property and the levy and collection of taxes and to repeal certain Acts herein named,' filed May 17, 1939, as amended, and to add Section 235a thereto," (Laws of 1943, vol. 1, p. 1075,) including any moneys or funds received under an appropriation of $1000 for preparing to sell delinquent tax lands under the provisions of said section 235a of the Revenue Act. (Ill. Rev. Stat. 1943, chap. 120, par. 716a.)

The complaint alleged that it was filed on behalf of complainant as a taxpayer and upon behalf of all other taxpayers similarly situated; that said section 235a is unconstitutional; and that the county board is about to cause a tax to be levied in preparing to sell delinquent tax lands, and that, unless restrained, the county of Cook, by and through its officers, agents and servants, would expend the sum appropriated for that purpose. The court sustained a motion to strike the complaint as amended and this appeal followed.

Appellant first contends that the said section 235a of the Revenue Act violates section 1 of article IX of the constitution of 1870, which was inserted in the fundamental law for the purpose of insuring equality and uniformity in the levying and collection of taxes. Section 1 of article IX of the constitution reads as follows: "The general assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the general assembly shall direct, and not otherwise."

Section 235a of the Revenue Act provides, in substance, (1) that the county collector shall annually publish a notice of intended application for judgment and sale of all lands and lots upon which all or a part of the general taxes for each of ten or more years are delinquent; (2) that he shall include therein all general taxes on said lands and lots which are delinquent as of the date of the notice; (3) all the lands and lots which would otherwise appear in the single annual notice and application for judgment may be published in separate notices and applications; (4) delinquent special assessments and special taxes with interest, penalties and costs, shall be included in the notice and application for judgment upon the written request of

the taxing districts levying the same; (5) a hearing shall be given to objectors in the county court after which judgment shall be given for such taxes, special taxes, special assessments, costs and penalties as appear to be due; (6) that the lands and lots against which judgments are entered be sold at public vendue to the highest bidder for cash, *notwithstanding the bid may be less than the full amount of taxes, special taxes, special assessments, interest, penalties and costs,* for which judgment has been entered; (7) a confirmation of the sale *shall extinguish the lien of the general taxes, special taxes and special assessments for which judgment has been entered and shall extinguish all forfeiture therefor, and a redemption shall not revive the lien or the forfeiture;* (8) the State or any taxing district may bid; (9) the sale shall be confirmed by the county court and upon confirmation the purchaser is given a certificate of purchase; and if the property is not redeemed within two years from the date of the sale the purchaser is entitled to a deed.

That section also provides for distribution of the proceeds of the sale, and authorizes the county board, in its discretion, to bid in the name of the county as trustee for all taxing districts, including the State, having any interest in the taxes for which the property is sold, and the unpaid taxes may be applied on the bid and no cash need be paid. When the county makes the bid it shall take all necessary steps to acquire title and may manage and operate the property, and may sell the lands or lots so acquired, or the certificate of purchase, and distribute the proceeds of sale to the various taxing districts in proportion to their respective interests. The section also provides that the remedy provided therein shall be in addition to other remedies for the collection of delinquent taxes.

On the basic proposition that there must be equality and uniformity in the levying and collection of taxes there is no judicial dissent. (*People ex rel. Clarke* v. *Jarecki,* 363

Ill. 180; *People ex rel. McDonough* v. *Illinois Central Railroad Co.* 355 Ill. 605; *Raymond* v. *Hartford Fire Ins. Co.* 196 Ill. 329; *People's Loan and Homestead Ass'n* v. *Keith,* 153 Ill. 609.) It must be conceded that the county court has no power to fix the valuation of property for taxation purposes. (*Jeffery Apartment Building Corp.* v. *Harding,* 347 Ill. 336; *People ex rel. Carr* v. *Immanuel Herald Publishing House,* 323 Ill. 574; *Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9.) But an order confirming a sale for delinquent taxes does not fix a valuation. It merely determines that the provisions of the statute have been complied with in the application of one of the remedies provided by the legislature for enforcing collection.

Appellant's argument is, however, that the provision of section 235a which authorizes a sale at public vendue for cash for less than the full amount of taxes with an extinguishment of the lien for the balance of the taxes, violates the equality and uniformity principle. If the section in question waives any part of the taxes or penalties on the property located in any particular county or taxing district of the State, and does not accord equal and uniform treatment to similar situations in other counties or taxing districts, there would arise a want of uniformity, as held in *People* v. *Jarecki,* 363 Ill. 180. But the statute here involved is not subject to that objection because it applies equally and uniformly throughout the State. The statute which this court held invalid in *Board of Education* v. *Haworth,* 274 Ill. 538, relieved some high school districts from the burdens of taxation which were imposed upon the taxpayers of other districts, by taking tuition from the State school fund levied for maintaining high schools for the benefit of eighth grade graduates in districts where no high schools were maintained, so as to discriminate against the taxpayers of the districts maintaining high schools. No such situation exists here. The lack of equality and uniformity complained of here is an alleged dis-

crimination between different properties and different owners in the same or different taxing districts.

It is argued that if one piece of property may be sold for less than the amount of the tax judgment, and the confirmation of the sale extinguishes the lien for the remainder of the judgment, another property with a uniform assessed valuation, on which taxes are paid, may contribute unequally to the burdens of taxation for the support of the government. Perfect equality and uniformity of taxation as regards individuals or corporations or different classes of property subject to taxation can hardly be visualized. Absolute equality is impracticable in taxation and is not required by the equal protection clause of the constitution. Inequalities that result occasionally and incidentally in the application of a system that is not arbitrary in its classification, and not applied in a hostile and discriminatory manner, are not sufficient to defeat the tax. (*People* v. *Franklin Nat. Ins. Co.* 343 Ill. 336; *Maxwell* v. *Bugbee,* 250 U. S. 525.) Mere inequities in the administration of the law violate no constitutional rights. (*People* v. *O'Donnell,* 327 Ill. 474.) A statute is not discriminatory when the same means and methods are employed alike to the persons or property composing the class so that the law operates on all similarly situated. *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24; *People ex rel. Murray* v. *City of St. Louis,* 297 Ill. 199.

The troublesome question is whether the classification of properties, to which section 235a of the Revenue Act, as passed in 1943, applies, is reasonable for purposes of collection of taxes and the application of a new statutory remedy. The only class to which this new remedy may be applied is that class of properties, wherever located within the State, upon which all or a part of the general taxes for each year of ten or more years are delinquent, and, under such conditions, we do not see how it can reasonably be said that such classification for such purposes is

unreasonable. Such classification is not arbitrary and discriminatory, but reasonable in view of the existing conditions. Property on which taxes have been paid in full are relieved of some of the burdens of taxation by the realization of a part, rather than none, of the delinquent taxes, and by restoring the delinquent properties to the tax rolls so that they may share their proportion of the burden of taxation in the future. The inequities resulting from administrative defects in the law for enforcement of payment of taxes did not arise from any arbitrary acts of officers charged with its administration. The purpose of section 235a, being to relieve other properties from these inequities and to confer an advantage, cannot be held invalid on the ground of violating the uniformity rule, when the very purpose of it is to obviate any want of uniformity in the future by restoring properties to the tax rolls through a process which necessity requires and expediency permits.

Appellant's counsel further contend that the section now under consideration contravenes section 6 of article IX of the constitution, which reads: "The general assembly shall have no power to release or discharge any county, city, township, town or district whatever, or the inhabitants thereof, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, nor shall commutation for such taxes be authorized in any form whatever."

That section of the constitution applies only to the prohibition of any release or commutation of State taxes. (*Raymond* v. *Hartford Fire Ins. Co.* 196 Ill. 329.) The evil prevailing at the time of the adoption of the 1870 constitution, which that section was intended to prevent, was the release and commutation of State taxes for an entire taxing unit. (*Raymond* v. *Hartford Fire Ins. Co.* 196 Ill. 329.) The property of the whole taxing district was in contemplation when the section was adopted. Thus,

the legislature could not grant a charter to the city of Shawneetown which exempted the inhabitants from all State taxes for twenty years, so that an amount, equal to what the State tax levy would be, could be levied against the property within the city for the purpose of building a levee. This was held to be a release of the inhabitants of the entire taxing unit from the payment of their just proportion of State taxes. (*People* v. *Barger,* 62 Ill. 452.) Where the real estate taxes on certain Randolph county real estate, levied for State taxes, were, by special act, appropriated and applied for the benefit of the Kaskaskia River Navigation Company, it was held to amount to a commutation of State taxes forbidden by the constitution. (*People ex rel. Kaskaskia River Navigation Co.* v. *Lippincott,* 65 Ill. 548.) This commutation was of the tax on the property of the entire taxing district. To the same effect was *Ramsey* v. *Hoeger,* 76 Ill. 432, where the railroad debt of municipalities was to be paid through an exemption of the taxpayers of the whole taxing unit from the payment of any State tax. In no case, so far as we have been able to find, has this court held that a remedy for cleaning up a hopeless tax delinquency muddle, and placing taxable property again on the tax rolls, amounts to a release or commutaion, within the meaning of section 6 of article IX of the constitution. If that could be the case then the constitution would be violated by an additional levy on all property in a district because of the failure of some of the taxpayers to pay their portion of a former levy. Statutes authorizing such an additional levy have been sustained by this court. *Gates* v. *Sweitzer,* 347 Ill. 353.

In *Woodrough* v. *Douglas County,* 71 Neb. 354, 98 N. W. 1092, a provision authorizing the foreclosure of a tax lien and a sale for less than the amount of the taxes, and later redeemed by the payment of the amount of the bid with interest from the date of the sale, did not violate

a similar clause of the Nebraska constitution. The Supreme Court of Florida, in *State ex rel.* v. *Culbreath,* 140 Fla. 634, 192 So. 814, held that uniformity goes to the act of the assessing body and has no application to delinquent certificates. The sale of land to satisfy a tax lien is an extinguishment of the lien, which becomes merged in the title purchased. Therefore it is neither a release nor a commutation. A release is a discharge by voluntary act. An extinguishment of a lien is a discharge by operation of law. A judicial sale of property under a decree or judgment of court for what it will bring, although it be less than the amount of the taxes delinquent against it, cannot be said to be a commutation of taxes within the meaning of the constitution. (*Woodrough* v. *Douglas County,* 71 Neb. 354, 98 N. W. 1092.) The same distincion between a release of taxes and the extinguishment of the lien of a decree or judgment has been pointed out in another tax case in the State of Nebraska. (*Marker* v. *Scotts Bluff Co.* 137 Neb. 360, 289 N. W. 537.) The effectiveness of the foreclosure remedy in this State has been recognized in several cases, and the primary purpose of the remedy by foreclosure is to clear up a hopeless tax delinquency and to put the property again on a tax-paying basis. The statute providing that remedy is remedial, and it was never intended that the sale be required to be for the full amount of the lien foreclosed. (*People* v. *Anderson,* 380 Ill. 158; *French* v. *Toman,* 375 Ill. 389.) The foreclosure sale extinguished the lien of the decree. (*French* v. *Toman,* 375 Ill. 389; *Clark* v. *Zaleski,* 253 Ill. 63.) Section 235a does nothing more than to provide an alternative remedy, more economical but just as effective as foreclosure, for cleaning up the tax delinquency. A sale to satisfy a judgment lien has the same effect as one to satisfy the lien of a foreclosure decree. Applied to an annual sale of lands for delinquent taxes for a bid less than the amount of the tax, it might reasonably disclose a release or commutation

of the tax. But, where there is an accumulation of taxes, interest, penalties and costs for each of ten years or more, the property falls in a classification that justifies a remedy different from that applied in the collection of taxes annually. In the ten-year classification, the method provided for accepting a bid for less than the amount of the taxes is clearly distinguished from any plan that could be considered as a release or commutation within the purview of section 6 of article IX of the constitution.

For the same reasons, a sale under the statute for less than the total judgment for taxes, although extinguishing the lien in part, is, nevertheless, not a release within the meaning of section 23 of article IV of the constitution, because it is not a discharge of a debt, liability or obligation to the State or to any municipal corporation, by any voluntary act of a party, but by operation of law, as was held, in effect, in the case of *Woodrough* v. *Douglas County*, 71 Neb. 354, 98 N. W. 1092. The case of *People ex rel. Ames* v. *Marx*, 370 Ill. 264, specifically relied upon by appellant, establishes nothing to the contrary. There, it was contended that the voluntary act of the Director of Finance, in marking across a bond, payable to the People of the State of Illinois, the word "cancelled," and the act of the Director and the Attorney General, in filing an intervening petition in a bank-receivership case, amounted to a release of the obligation. Not only were both acts voluntary on the part of the State officials, and not in the execution of judicial process, but this court held that the doctrine of election of remedies was not applicable because the two remedies considered were not inconsistent. Having concluded that the constitutional provisions prohibiting a release or commutation of taxes and of debts, liabilities and obligations due the State, or a municipality, refer to voluntary releases and commutations as distinguished from reductions resulting from sales under judicial decrees and judgments, we are compelled to hold that section 235a of

the Revenue Act does not infringe the prohibition of section 23 of article IV of the constitution.

It is argued that the law violates section 22 of article IV of the constitution and appellant's counsel urge that the omission of delinquent special assessments from the judgment and sale for delinquent general taxes grants a special immunity to the taxing district levying such specials, and that their exclusion confers the special privilege of having the lien of the special assessments become a first lien on the property when the general tax lien is extinguished. It is contended that the effect is to destroy the parity of the liens for general and special taxes and assessments. It will be observed that the special immunity and privilege complained of is imposed upon or in favor of a taxing district or municipal or public corporation. It is well settled that section 22 of article IV of the constitution applies only to private corporations and not to public corporations. (*People ex rel. Greening* v. *Green,* 382 Ill. 577; *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24.) Furthermore, this court will not entertain objections to the constitutionality of a law unless the objections are made by one whose rights have been or will be, in some way, actually affected injuriously. *People* v. *Sisk,* 297 Ill. 314; *People* v. *Huff,* 249 Ill. 164.

The taxpayers represented by appellant in this case can not be injuriously affected by the provisions of section 235a of the Revenue Act, because any destruction of the parity of liens can have no other effect upon the general taxpayers than the application of a different statutory remedy would have for collecting delinquent special assessment installments. If any of such installments are collected by other provisions of the statute, the analogy is to that of enforcing a trust deed in the nature of a mortgage given to secure several notes. The same principle applies. (*Village of Lansing* v. *Sundstrom,* 379 Ill. 121.) When the special assessment bonds maturing and payable in any year become

due and the collections from the installments for that year are insufficient to pay them, the bondholders are entitled pro rata to the amount collected. But if the delinquency situation is such that the specials on some of the properties cannot be collected, the other taxpayers cannot complain that the municipal officers are given the choice of enforcing the collection of the specials separately rather than in a joint judgment with a single sale to satisfy the one judgment. A law which leaves to a municipal body the right to elect which of several remedies it will pursue to attain the same end violates no constitutional provision. (*Leindecker* v. *People ex rel. Johnson,* 98 Ill. 21; *McCauley* v. *People ex rel. Huck,* 87 Ill. 123.) The cases cited by appellant have been fully considered. None of them supply any convincing reasons to the contrary. All of them involved matters wherein individuals or private corporations were injuriously affected by the acts complained of.

Appellant invokes section 14 of article II of the constitution on the theory that section 235a, by permitting the county to bid without the payment of cash and to apply the delinquent taxes in payment of the bid, impairs the obligation of a contract. He assumes that the assessments levied against property in an improvement district and the special assessment bonds issued, payable out of the funds raised from the collection of said assessment, constitute a contract with the owners of the bonds, into which the law, in force at the time the bonds are issued, is included. The fatal weakness in that argument is that the judgment of confirmation of an assessment in a local improvement proceeding, on which a delinquency judgment is predicated, is not a contract, and, consequently, section 14 of article II has not been infringed. (*Hoehamer* v. *Village of Elmwood Park,* 361 Ill. 422.) The case of *Murray* v. *Village of Skokie,* 379 Ill. 112, where an attempt was made by the village to compel a holder of a $1000 special assess-

ment bond to accept one of less denomination in exchange, is not controlling here. There, the contract evidenced by the bond was what was impaired. The decision in *Friedman* v. *City of Chicago,* 374 Ill. 545, turned upon the point as to whether an amendment operated retrospectively so as to affect the rights of holders of special assessment bonds issued prior to the amendment of a section of the statute. It is obvious that such a case carries no weight on the question here considered. It is competent for the State to change the form of a remedy, provided no substantial right secured by contract is impaired. (*Home Building and Loan Ass'n* v. *Blaisdell,* 290 U. S. 398, 54 S. Ct. 231; *Kingston* v. *Old Nat. Bank of Centralia,* 359 Ill. 192.) No substantial rights of appellant here are in the least affected. Taxpayers generally, are in no position to complain of the invalidity of a law because of an imaginary effect upon the rights of bondholders. The municipality is the trustee for the bondholders, and its officers are presumed to do their legal duty. (*Village of Lansing* v. *Sundstrom,* 379 Ill. 121.) If they elect to have the county act as a substituted trustee under the statute, we fail to see how any taxpayer can be injuriously affected. The bondholders are not injuriously affected because they receive the maximum benefit, under the circumstances. (*Keefe* v. *Drainage Comrs. of Oakland County,* 306 Mich. 503, 11 N. W. 2d 220; *Baker* v. *State Land Office Board,* 294 Mich. 587, 293 N. W. 763; *San Bernardino County* v. *Way,* (Cal.) 117 Pac. 2d 354.) The legislature may adopt new remedies for the collection of taxes and apply those remedies to taxes already delinquent without any violation of the Federal constitution. *League* v. *State of Texas,* 184 U. S. 156, 22 S. Ct. 475.

The statute in question is not in contravention of the due-process-of-law clauses of the State and Federal constitutions. It provides for notice to every taxpayer and full opportunity to be heard on any objections they may

see fit to interpose. This complies with the requirement of due process of law. *People ex rel. Stuckart* v. *Arnold Bros.* 282 Ill. 305; *Wood* v. *Lovett,* 313 U. S. 362, 61 S. Ct. 983; *Leigh* v. *Green,* 193 U. S. 79, 24 S. Ct. 890.

Appellant contends that there is an arbitrary classification in the section of the statute here in question, because a property which is delinquent for ten years is not substantially different from one which is delinquent for nine years. This court is not to consider whether the classification is wise or unwise; whether it is based upon sound economic theory; or whether it is the best means to achieve the desired result. A difference of opinion is not sufficient to bring such matters within the range of judicial review. (*Stewart* v. *Brady,* 300 Ill. 425.) All that is required is that the classification shall be based upon a real and substantial difference having a rational relation to the subject of the particular legislation. A classification may be based upon a time period. *People ex rel. Heydenreich* v. *Lyons,* 374 Ill. 557; *Sloan* v. *School Directors,* 373 Ill. 511.

The Revenue Act is a law complete in itself. Section 235a is a part of that complete act. It is an independent section aptly providing an additional remedy for a tax situation not contemplated in the enactment of previous sections. It is not in violation of section 13 of article IV of the constitution. (*People* v. *City of Chicago,* 349 Ill. 304; *Bishop* v. *Chicago Railways Co.* 303 Ill. 273.) Nor does it appear, from the language of the section in question, that there is any fatal ambiguity.

The objections to the constitutionality of the act not being sufficient, the decree of the trial court is affirmed.

*Decree affirmed.*