(No. 31532.——)

Victor Sawicki, Appellee and Cross Appellant, *vs.* Barney Clemons, County Clerk, *et al.*——(Orben Watson, Appellant and Cross Appellee.)

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

J. Max Mitchell, of West Frankfort, and Hal D. Brown, of Benton, (W. Troy Barrett, of West Frankfort, of counsel,) for appellant and cross appellee.

Frank P. Hanagan, Berenice H. Hanagan, and William G. Eovaldi, all of Benton, for appellee and cross appellant.

Mr. Justice Daily delivered the opinion of the court:

Victor Sawicki, appellee and cross appellant in this court, was the assignee of a tax certificate to lot 3, block 1, of Boner Heights Addition to the city of West Frankfort. Under the provisions of section 235a of the Revenue Act, (Ill. Rev. Stat. 1949; chap. 120, par. 716a,) he filed a petition in the county court of Franklin County alleging that the county, by Roy Dye, its trustee, had purchased the said property at public auction held at the county treasurer's office, for the taxes of 1943 and prior years, in the amount

of $873.10; that tax certificate No. 6343 was issued to Dye and that petitioner was the assignee and holder of said certificate. The petition continued that Orben Watson, the appellant here, is the owner of record of the real estate; that the lot was assessed in the name of P. D. & Company; that Watson was in possession and occupancy three months before the expiration of the period of redemption, and that all unknown persons having an interest in the premises have been made defendants to the petition under the name of "unknown owners." It further alleged that the taxes levied for the years 1944 and 1945 were paid by the petitioner, and that there are no general taxes due; that the lot has not been redeemed, and that all persons entitled to notice under section 263 of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 744,) have been made parties defendant to the petition. The petition prayed for a deed, or, in the alternative, for an order directing that upon the assignment of the certificate to Orben Watson, he be directed to pay the amount of money expended by the petitioner, plus interest and subsequent taxes.

An answer was filed by Watson which alleged some twenty-five special defenses, two of which averred, in brief, that defendant and his wife, the owners in possession, had not been given notice of the expiration of the period of redemption, as required by section 5 of article IX of the Illinois constitution, and by sections 235a and 263 of the Revenue Act. The trial court denied a motion to dismiss the petition and, at various stages of the evidence, denied Watson's motions for a directed judgment. At the conclusion of all the evidence the court ordered that the county clerk, within sixty days after the date of the order, execute and deliver a proper deed to the petitioner, Sawicki, unless within that period the defendant, Watson, pay to the clerk for Sawicki's benefit, the sum of $500 and the costs of the suit. Watson has brought an appeal to this court and Sawicki has filed a cross appeal.

The principal question to be decided from the errors assigned by appellant, Watson, is whether it was necessary in this case for the petitioner, as a condition precedent to his right to a deed under section 235a of the Revenue Act, to give the notice required by section 263 of the act, and to make an affidavit of compliance with the conditions of section 263, as provided in section 265. Ill. Rev. Stat. 1949, chap. 120, par. 746.

Section 5 of article IX of our constitution provides as follows: "The right of redemption from all sales of real estate for the non-payment of taxes * * * shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the general assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires."

The notice directed by the constitution has been provided for by the General Assembly in section 263 of the Revenue Act, which is in part as follows: "Hereafter no purchaser or assignee of such purchaser of any land, town or city lots at any sale of lands, or lots, for taxes or special assessments, * * * shall be entitled to a deed for lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser, or assignee shall serve or cause to be served a written or printed, or partly written or partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot; also upon the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he or she can be found in the county, and also upon the owners of, or parties interested in, said land or lot, including trustees or mortgagees of record, if they

can upon diligent inquiry be found in the county. Such notices shall be served at least three months before the expiration of the time of the redemption on such sale. In such notices the purchaser, or his assignee, shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased; for what year taxed or specially assessed, and when the time of redemption will expire." Section 265 contains the following provision: "Every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of section 263 of this Act, * * * which affidavit shall be delivered to the person authorized by law to execute such tax deed, * * *."

Section 235a of the Revenue Act, which was added by the laws of 1943, (Laws of 1943, p. 1075 *et seq.*) and became effective July 1, 1944, provides for a new remedy which may be applied to that class of properties upon which all or part of the general taxes for each year of ten or more years are delinquent. This section was before us in *Schreiber* v. *County of Cook*, 388 Ill. 297, and held to be neither unconstitutional nor fatally ambiguous. The portion of the section pertinent to this opinion is as follows: "The owner of the certificate of purchase shall give notice as required by section 263 of this Act. If any tract of land or lot shall not have been redeemed within two years from the date of sale, the County Clerk upon request and upon compliance with the requirements of section 266 of this Act shall execute and deliver to the owner of the certificate of purchase a deed in the form prescribed by section 268 of this Act as near as may be *or* [italics ours] said owner of the certificate of purchase may, within three years from the date of sale, file in the County Court a petition for a deed making defendants thereto the County Clerk and the persons entitled to notice under section 263 of this Act. * * * Deeds issued pursuant to the order of the County

Court shall be incontestable except by appeal from the order of the County Court directing the County Clerk to execute and deliver the deed. * * * The remedy herein provided shall be in addition to other remedies for the collection of delinquent taxes. This section shall be liberally construed so that the deeds herein provided for shall convey mechantable title."

Appellee contends that the use of the disjunctive conjunction "or" in section 235a, as set forth above, provides two methods of obtaining a deed of conveyance; that the first method necessitates notice under section 263 as a prerequisite to the application to the county clerk for a deed, and that the alternative method is that the holder of the certificate of purchase may file a petition in the county court making the parties entitled to notice under section 263 parties defendant and serve them with process, and that this procedure is in lieu of giving the notice required by section 263. He argues further that the latter procedure has the effect of extending the period of redemption to the time of the issuance of the deed; that service of process upon the persons entitled to notice under section 263 constitutes a full completion of the notice requirement, and that in such case the necessity of an affidavit of the publication of notice, as required by section 265, is in fact an absurdity.

We are unable to agree with appellee's contention. The General Assembly complied with section 5 of article IX of the constitution by enacting section 263 of the Revenue Act, and they saw fit in section 235a to require the same publication of notice for tax deeds issued under this section. Service of process does not, and cannot, offer a valid substitute for the notice required in section 263, which is specific as to the manner of giving notice, the time of the notice and the content thereof. The alternative methods of obtaining a tax deed indicated by the use of the disjunctive conjunction "or" in section 235a, apply only after

the two-year period of redemption had passed. In the one case the county clerk issues the deed as a ministerial act upon application by the holder of the tax certificate; in the other case the deed is issued pursuant to an order of the county court, and the grantee obtains a deed that is incontestable except by appeal from the order of the county court directing the clerk to execute and deliver the deed. In either case section 235a expressly states that the notice provided for under section 263, to-wit, notice at least three months before the expiration of the period of redemption, is a prerequisite to the issuance of a deed.

Section 235a provides that the process, practice and procedure upon such petition shall be the same as in other cases. It, therefore, became incumbent upon the petitioner to allege and prove compliance with sections 263 and 265 of the Revenue Act. A declaration which fails to allege a fact the existence of which is necessary to entitle the plaintiff to recover does not state a cause of action. *Allis-Chalmers Mfg. Co.* v. *City of Chicago,* 297 Ill. 444; *Walters* v. *City of Ottwa,* 240 Ill. 259; *Reid* v. *Chicago Title & Trust Co.* 329 Ill. App. 134.

As appellee failed to allege and prove a cause of action which entitled him to a deed, appellant's motion for judgment at the close of appellee's case should have been allowed. Such a finding renders moot the questions raised by appellee on cross error with respect to the portion of the judgment which set at $500 and costs the amount to be paid by appellant for redemption. The judgment of the county court of Franklin County is therefore reversed and cause remanded for the entry of a judgment consistent with the opinion of this court.

*Reversed and remanded, with directions.*